[No. B186084. Second Dist., Div. Five. May 3, 2007.]

TERRIE HUTTON, Plaintiff and Appellant, v.
HERBERT HAFIF et al., Defendants and Respondents.

**COUNSEL**

Cheong, Denove, Rowell & Bennett, John F. Denove and John D. Rowell for Plaintiff and Appellant.

Law Offices of James J. Moneer and James J. Moneer for Defendants and Respondents.

**OPINION**

**TURNER, P. J.—**

## I.  INTRODUCTION

In this malicious prosecution lawsuit, plaintiff, Terrie Hutton, appeals from two orders. To begin with, Ms. Hutton appeals from a July 13, 2005 judgment

entered by Judge Paul Gutman awarding attorney fees pursuant to Code of Civil Procedure[1] section 425.16, subdivision (c) to defendants, the Law Offices of Herbert Hafif and Herbert Hafif. Further, Ms. Hutton appeals from an October 25, 2005 order by Judge Paul Gutman where he ruled he was bound by the law of the case doctrine and our prior unpublished opinion which held the special motion to strike in the present lawsuit must be granted.

This case involves the third lawsuit between the parties arising from representation provided by Mr. Hafif and his firm of Ms. Hutton in a discrimination lawsuit between 1991 and 1993. Dissatisfied with her recovery, Ms. Hutton filed the first action between the parties, a malpractice suit, against Mr. Hafif and his firm which was ultimately dismissed (a dismissal which was set aside on appeal). Mr. Hafif and his firm then sued Ms. Hutton along with others and this second lawsuit between the parties was ultimately dismissed pursuant to section 425.16. Ms. Hutton then filed this third lawsuit between the parties for malicious prosecution. The present lawsuit alleges Mr. Hafif and his firm maliciously filed and prosecuted the second action filed by them against Ms. Hutton and others. The special motion to strike of Mr. Hafif and his firm was denied. We ultimately held the special motion to strike must be granted and remanded for an award of attorney fees. Judge Gutman issued an attorney fees award in favor of Mr. Hafif and his firm. Then, after Judge Gutman had entered the attorney fees award, the Legislature enacted section 425.18 which applies to what the Legislature has termed a SLAPPback (strategic lawsuit against public participation) action and amended section 425.16, subdivision (b)(3) which is part of the special motion to strike statute. Judge Gutman refused to set aside the attorney fees order. While this appeal was pending, our Supreme Court issued its opinion in *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 278–297 [46 Cal.Rptr.3d 638, 139 P.3d 30] which defines the contours of a special motion to strike filed in a SLAPPback action.

In this complex procedural and legal context, the parties raise three contentions. First, we agree with Ms. Hutton that the attorney fees award must be reversed. This lawsuit meets the statutory definition of a SLAPPback action in section 425.18, subdivision (b)(1). Attorney fees are not recoverable by a defendant who successfully files a special motion to strike in a SLAPPback action. Second, we disagree with Ms. Hutton that a special motion to strike could not even be filed because the conduct in the second lawsuit that gave rise to the present malicious prosecution action was illegal as a matter of law within the meaning of section 425.18, subdivision (h).

---

[1] Unless otherwise noted, all future statutory references are to the Code of Civil Procedure.

Third, we disagree with Ms. Hutton that the amendment to section 425.16, subdivision (b)(3) requires us to reverse the order granting the special motion to strike. The bottom line is we reverse the attorney fees order but otherwise affirm the order granting the special motion to strike and cost award.

## II. BACKGROUND

### A. The First Action

In 1991, Mr. Hafif and his firm began representing Ms. Hutton in a discrimination action filed against GTE, which settled in 1992. Thereafter, Ms. Hutton and Mr. Hafif and his firm became involved in a dispute about approximately $60,000 in costs. Between June 1993 and February 1994, a number of former clients of Mr. Hafif and his firm, including Ms. Hutton, filed a series of State Bar complaints and lawsuits against Mr. Hafif and his firm.

In June 1993, Ms. Hutton, who was represented by a lawyer named Sasson Sales, filed suit in Los Angeles Superior Court seeking in part the recovery of costs that Mr. Hafif and his firm kept from the GTE settlement. (*Hutton v. Hafif* (Super. Ct. L.A. County, 1994, No. BC084002).) This is the first lawsuit between Ms. Hutton and Mr. Hafif and his firm. Ms. Hutton's legal malpractice action against Mr. Hafif and his firm was dismissed after a demurrer to her second amended complaint was sustained without leave to amend. In addition to dismissing the first lawsuit, Retired Los Angeles Superior Court Judge Melvin Grover imposed $25,000 in sanctions pursuant to section 128.5 against Ms. Hutton and her attorney, Mr. Sales, for filing a frivolous lawsuit in bad faith. The sanctions order was entered on October 7, 1994. The judgment of dismissal and the sanctions order were reversed on appeal by Division Two of this appellate district, which found Ms. Hutton's second amended complaint stated a fiduciary duty breach cause of action. (*Hutton v. Hafif* (Aug. 20, 1997, B088405) [nonpub. opn.].)

### B. The Second Action

On May 6, 1994, Mr. Hafif and his firm filed an action against Ms. Hutton and seven others in Orange County Superior Court. (*Law Offices of Herbert Hafif v. Killingsworth* (Super. Ct. Orange County, 1996, No. 729347).) This is the second lawsuit between the parties. For purposes of clarity, we will refer to this second lawsuit between the parties as the *Killingsworth* action. The

various complaints alleged. Ms. Hutton and others had conspired to coerce financial concessions from Mr. Hafif and his firm. The conspiracy involved filing frivolous legal malpractice lawsuits against Mr. Hafif and his firm and disseminating false information about them. The original *Killingsworth* complaint asserted causes of action against Ms. Hutton and others for fraud, criminal profiteering, tortious interference with business relations, slander and libel, and privacy invasion. In the second amended *Killingsworth* complaint, filed on October 13, 1994, Mr. Hafif and his firm alleged causes of action for malicious prosecution, defamation, and tortious interference with business relations. The second amended *Killingsworth* complaint alleged that Ms. Hutton had filed a legal malpractice action against Mr. Hafif and his firm. This was the first lawsuit between Ms. Hutton and Mr. Hafif and his firm. Retired Judge Grover found the operative complaint in the first lawsuit was frivolous (a ruling later reversed on appeal). The second amended *Killingsworth* complaint also alleged that Ms. Hutton and her coconspirators publicized and republicized the content of confidential communications which had been made against Mr. Hafif and his firm to the State Bar. These disclosures were accomplished with the intent to compel Mr. Hafif and his firm to abandon their claims for fees and costs. Retired Orange County Superior Court Judge Leonard Goldstein denied a summary judgment motion in the *Killingsworth* action brought by Ms. Hutton on the ground triable issues of material fact existed as to whether a conspiracy actually existed. In support of his order denying Ms. Hutton's summary judgment motion, Retired Judge Goldstein relied upon diaries kept by her outlining the actions taken by her and the alleged coconspirators.

On December 9, 1996, Retired Orange County Superior Court Judge Robert E. Thomas granted Ms. Hutton's special motion to strike the second amended complaint in the *Killingsworth* action pursuant to section 425.16. Division Three of the Court of Appeal for the Fourth Appellate District affirmed Retired Judge Thomas's order granting the special motion to strike the second amended complaint in the *Killingsworth* action. (*Hafif v. Soukup* (Apr. 27, 2000, G020977) [nonpub. opn.].) The Court of Appeal opinion held that the claims of Mr. Hafif and his firm against Ms. Hutton in the *Killingsworth* action were predicated upon allegations that she made complaints to the State Bar and newspaper articles repeating the allegations. The Court of Appeal held: "Hutton's allegedly actionable conduct consisted of her making complaints to the State Bar. Such statements clearly fall within the action protected by [section 425.16]." (*Ibid.*) The Court of Appeal further stated: "The only evidence potentially showing merit in Hafif's claims came from Hutton's diaries, which were prepared for transmission to her lawyer. The trial court properly concluded they were inadmissible." (*Ibid.*)

## C.   The Third Action

On November 30, 2000, Ms. Hutton filed the present lawsuit in which she alleged Mr. Hafif and his firm maliciously prosecuted the *Killingsworth* action against her. On July 20, 2001, Mr. Hafif and his firm filed a special motion to strike the present malicious prosecution action. Mr. Hafif and his firm argued: they had probable cause to file the *Killingsworth* action because the totality of facts demonstrated Ms. Hutton was a participant in a conspiracy to file a malicious and defamatory action against them; Retired Judge Goldstein relied on Ms. Hutton's diaries to deny a summary judgment motion directed at her second amended complaint in the *Killingsworth* action; they had probable cause to believe the diaries were admissible; and the Court of Appeal for the Fourth Appellate District found the diaries provided potential, albeit inadmissible, evidence of a conspiracy. On June 27, 2002, Retired Judge Alban I. Niles denied the special motion to strike on the ground Mr. Hafif and his firm did not have probable cause to file the *Killingsworth* action. Mr. Hafif and his firm appealed from Retired Judge Niles's order denying the special motion to strike.

On May 11, 2004, we reversed Retired Judge Niles's order denying the special motion to strike filed by Mr. Hafif and his firm. We concluded Retired Judge Goldstein's denial of Ms. Hutton's summary judgment motion in the *Killingsworth* action established probable cause under *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 816–826 [123 Cal.Rptr.2d 19, 50 P.3d 733]. We remanded the case and directed Retired Judge Niles to enter a new order granting the special motion to strike. (*Hutton v. Hafif* (May 11, 2004, B162572) [nonpub. opn.].) The Supreme Court denied review on February 16, 2005.

On May 26, 2005, Judge Gutman entered an order granting the special motion to strike and a judgment of dismissal. On May 10, 2005, Judge Gutman granted the section 425.16, subdivision (c) attorney fees motion filed by Mr. Hafif and his firm. On July 13, 2005, Judge Gutman entered a judgment awarding Mr. Hafif and his firm $166,388.19 in attorney fees and $4,195.69 in costs. Ms. Hutton filed a notice of appeal from the May 26 and July 13, 2005 judgments on September 19, 2005.

On October 7, 2005, Ms. Hutton filed a motion for relief from the judgment and attorney fees orders because on October 5, 2005, Governor Arnold Schwarzenegger signed Assembly Bill No. 1158 (2005–2006 Reg. Sess.) which amended section 425.16, subdivision (b)(3) and enacted section

425.18 as urgency legislation. Ms. Hutton requested Judge Gutman reconsider his order granting the special motion to strike and awarding attorney fees. Ms. Hutton further requested that Judge Gutman grant her relief under section 473 from his prior orders due to material changes in the law. On October 25, 2005, Judge Gutman denied the motions for relief from the judgment and his prior orders ruling: "In its essence, this court's order granting defendants' special motion to strike and this court's order and judgment of dismissal entered on May 26, 2005 was based entirely upon the 2004 reversal of Judge Niles by the Court of Appeal, Second District. As such, plaintiff's motion is improper and untimely inasmuch as it challenges the decision of the Court of Appeal. The relief sought by plaintiff is improperly laid at the feet of this court, whereas any such request for relief should be addressed to the Court of Appeal. [¶]. That plaintiff contends that the judgment granting attorneys' fees and costs is improper in light of new laws, such does not constitute attorney's mistake, inadvertence, surprise or excusable neglect. This court's judgment granting the Hafif defendants' attorneys' fees and costs was not the result of plaintiff's counsel's error or anyone else's mistake, inadvertence, surprise or neglect, excusable or otherwise." On November 23, 2005, Ms. Hutton filed a notice of appeal from the October 25, 2005 order. We consolidated the appeals resulting from the filing of the September 19 and the November 23, 2005 notices of appeal.

### III. DISCUSSION

#### A. Standard of Review and Burdens of Proof

■ A special motion to strike may be filed in response to " 'a meritless suit filed primarily to chill the defendant's exercise of First Amendment rights.' " (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 783 [54 Cal.Rptr.2d 830], quoting *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 815, fn. 2 [33 Cal.Rptr.2d 446], disapproved on another point in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5 [124 Cal.Rptr.2d 507, 52 P.3d 685].) Under section 425.16, any cause of action against a person "arising from any act . . . in furtherance of the . . . right of petition or free speech . . ." in connection with a public issue must be stricken unless the courts finds a "probability" that the plaintiff will prevail on whatever claim is involved. (§ 425.16, subd. (b)(1); see *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1415 [103 Cal.Rptr.2d 174]; *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, supra*, 47 Cal.App.4th at p. 783.) There is no requirement though that the suit be brought with the specific intent to chill the defendant's exercise of free

speech or petition rights. (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734 [3 Cal.Rptr.3d 636, 74 P.3d 737]; *Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 [124 Cal.Rptr.2d 530, 52 P.3d 703]; *Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th at pp. 58–67.) In order to protect the constitutional rights of petition and free speech, we broadly construe this statute. (§ 425.16, subd. (a); *Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 199 [46 Cal.Rptr.3d 41, 138 P.3d 193]; *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1119–1121 [81 Cal.Rptr.2d 471, 969 P.2d 564].)

■ When a special motion to strike is filed, the trial court must consider two components. First, the moving party has the initial burden of establishing a prima facie case that the plaintiff's cause of action arose out of the defendant's actions in the furtherance of the rights of petition or free speech. (§ 425.16, subd. (b)(1); *Flatley v. Mauro* (2006) 39 Cal.4th 299, 314 [46 Cal.Rptr.3d 606, 139 P.3d 2]; *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 [39 Cal.Rptr.3d 516, 128 P.3d 713].) Second, once the defendant establishes the challenged cause of action claims arise out of the exercise of petition or free expression rights, the burden shifts to the plaintiff. The plaintiff must then establish a probability that he or she will prevail on the merits. (§ 425.16, subd. (b)(1); *Flatley v. Mauro, supra,* 39 Cal.4th at p. 314; *Rusheen v. Cohen, supra,* 37 Cal.4th at p. 1056.) The Supreme Court has defined the probability of prevailing burden as follows: " '[T]he plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." ' (*Wilson v. Parker, Covert & Chidester*[, *supra,*] 28 Cal.4th [at p.] 821 [123 Cal.Rptr.2d 19, 50 P.3d 733], quoting *Matson v. Dvorak* (1995) 40 Cal.App.4th 539, 548 [46 Cal.Rptr.2d 880].)" (*Navellier v. Sletten, supra,* 29 Cal.4th at pp. 88–89; see *Briggs v. Eden Council for Hope & Opportunity, supra,* 19 Cal.4th at p. 1123.) We will detail later the special burdens of proof imposed on a plaintiff in a SLAPPback action when a special motion to strike is filed. In reviewing an order granting a special motion to strike, we use our independent judgment to determine whether the defendant was engaged in a protected activity and the plaintiff has sustained his or her burden of prevailing on the challenged cause of action. (*Flatley v. Mauro, supra,* 39 Cal.4th at pp. 325–326; *Rushen v. Cohen, supra,* 37 Cal.4th at p. 1055.)

## B. The Attorney Fees Award

Ms. Hutton argues that the attorney fees award must be reversed. She relies on section 425.18 which provides in part: "(b) For purposes of this section, the following terms have the following meanings: [¶] (1) 'SLAPPback' means any cause of action for malicious prosecution or abuse of process arising

from the filing or maintenance of a prior cause of action that has been dismissed pursuant to a special motion to strike under Section 425.16. [¶] (2) 'Special motion to strike' means a motion made pursuant to Section 425.16. [¶] (c) The provisions of subdivisions (c), (f), (g), and (i) of Section 425.16, and paragraph (13) of subdivision (a) of Section 904.1, shall not apply to a special motion to strike a SLAPPback. [¶] . . . [¶] (h) A special motion to strike may not be filed against a SLAPPback by a party whose filing or maintenance of the prior cause of action from which the SLAPPback arises was illegal as a matter of law."

After Ms. Hutton filed her opening brief on appeal, the California Supreme Court issued its opinion in *Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th at pages 278–297. *Soukup* involved a malicious prosecution action against defendants in the current action, which was brought by one of plaintiff's alleged coconspirators in the *Killingsworth* action, Peggy J. Soukup. (*Id.* at pp. 269–275.) (One of the defendants in Ms. Soukup's lawsuit is not named in the present action.) In *Soukup,* the trial court denied the defendants' special motions to strike her malicious prosecution complaint. (*Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th at pp. 275–276.) The *Soukup* case was assigned to this division of the Second Appellate District. We initially affirmed the order denying the special motions to strike. (*Soukup v. Law Offices of Herbert Hafif* (Aug. 16, 2002, B152759) [nonpub. opn.].) But upon grant of review and remand, and after carefully reevaluating the matter, we reversed our earlier ruling. (*Soukup v. Law Offices of Herbert Hafif* (June 30, 2004, B152759) [nonpub. opn.].) We held the special motions to strike should have been granted. (*Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th at pp. 277–278.) Our Supreme Court granted Ms. Soukup's review petition. While the case was pending before our Supreme Court, the Legislature enacted and Governor Schwarzenegger signed as urgency legislation section 425.18. Ultimately, the Supreme Court reversed our judgment and ordered that the defendants' special motions to strike be denied. (39 Cal.4th at pp. 278, 297.)

In *Soukup,* our Supreme Court stated: "[T]he Legislature amended the anti-SLAPP statute to add section 425.18, which defines 'any cause of action for malicious prosecution or abuse of process arising from the filing or maintenance of a prior cause of action that has been dismissed pursuant to a special motion to strike under Section 425.16' as a 'SLAPPback.' (§ 425.18, subd. (b)(1).) The Legislature declared that SLAPPbacks 'should be treated differently . . . from an ordinary malicious prosecution action because a SLAPPback is consistent with the Legislature's intent to protect the valid exercise of the constitutional rights of free speech and petition by its deterrent effect on SLAPP . . . litigation and by its restoration of public confidence in participatory democracy.' (§ 425.18, subd. (a).) Section 425.18 exempts SLAPPbacks from certain procedures otherwise applicable to motions to

strike under the anti-SLAPP statute and sets forth special procedures that apply only to SLAPPbacks. Additionally, subdivision (h) of the new section precludes the use of the anti-SLAPP statute to dismiss SLAPPbacks 'by a party whose filing or maintenance of the prior cause of action from which the SLAPPback arises was illegal as a matter of law.' (§ 425.18, subd. (h).)" (*Soukup v. Law Offices of Herbert Hafif, supra*, 39 Cal.4th at p. 268.)

The parties acknowledge that section 425.18 applies to cases such as this which were filed prior to its enactment and are pending on appeal. *Soukup* squarely so states. (*Soukup v. Law Offices of Herbert Hafif, supra*, 39 Cal.4th at pp. 280–281.) Plaintiff's malicious prosecution claim was based on the filing and maintenance of the *Killingsworth* action by Mr. Hafif and his firm that was dismissed pursuant to section 425.16. Thus, the present malicious prosecution lawsuit is within the statutory definition of a SLAPPback action. (§ 425.18, subd. (b)(1).)

Mr. Hafif and his firm present the following arguments as to why section 425.18 should not apply to this lawsuit: The current lawsuit is a "run-of-the-mill malicious prosecution action" which entitled them to bring their special motion to strike under the standard section 425.16 provisions; under *Flatley v. Mauro, supra,* 39 Cal.4th at pages 305, 313–318, Ms. Hutton has unclean hands in that she attempted to extort money from them so that she should not have prevailed in her motion to strike in the *Killingsworth* action; and *Flatley* abrogated the legal basis for Ms. Hutton's special motion to strike the *Killingsworth* action. We respectfully disagree. Ms. Hutton's malicious prosecution claim in this lawsuit is clearly and unequivocally a SLAPPback action as it is defined by section 425.18, subdivision (b)(1). In any event, the section 425.16 dismissal of the *Killingsworth* action was affirmed by our Fourth Appellate District colleagues on April 27, 2000. (*Hafif v. Soukup, supra,* G020977.) Defendants have not cited any authority which would allow us to relitigate the merits of the Fourth Appellate District's now final April 27, 2000 opinion affirming the order granting Ms. Hutton's special motion to strike in the *Killingsworth* action. This case is a SLAPPback action subject to section 425.18.

█ As noted, section 425.18 treats the right to attorney fees differently when a defendant's special motion to strike a malicious prosecution claim is granted in a SLAPPback action. Section 425.16, subdivision (c), the mandatory attorney fees provision in special motion to strike litigation, is inapplicable in a SLAPPback action. Section 425.18, subdivision (c) states in part, "The provisions of subdivision[] (c) . . . of Section 425.16 . . . shall not apply to a special motion to strike a SLAPPback." (See *Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th at p. 282.) The attorney fees provision applicable to SLAPPback actions states, "If the court finds that a special

motion to strike a SLAPPback is frivolous or solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." (§ 425.18, subd. (f).) The Supreme Court explained that the effect of section 425.18, subdivision (f) is to treat a plaintiff in a SLAPPback action more favorably than in ordinary special motion to strike litigation: "The import of these provisions is to stack the procedural deck in favor of the SLAPPback plaintiff confronted with a special motion to strike. They do so by providing the plaintiff with both a longer timeframe, and the means with which, to conduct discovery that might yield evidence to resist the motion to strike, *exempting the plaintiff from fees and costs even if the plaintiff's SLAPPback action is stricken . . . .*" (*Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th at p. 282, italics added.) Thus, in a SLAPPback action, section 425.16, subdivision (c) fees may not be imposed against a plaintiff when the special motion to strike is granted. Because section 425.18, subdivisions (c) and (f) apply to this case, Ms. Hutton is correct—the order awarding Mr. Hafif and his firm attorney fees pursuant to section 425.16, subdivision (c) must be reversed.

### C. Nothing in Section 425.18 Requires the Order Granting the Special Motion to Strike Be Reversed

Ms. Hutton argues the order granting the special motion to strike must be reversed. No doubt, as noted, section 425.18 applies to cases pending on appeal. (*Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th at pp. 280–281.) But this case is different from *Soukup* in a material respect. In this case, in our 2004 unpublished opinion, we reversed the order denying the special motion to strike. In compliance with our decision, Judge Gutman granted the special motion to strike. A sound argument can be made that because we had previously decided the special motion to strike must be granted and Ms. Hutton's review petition was denied, principles of res judicata and the law of the case doctrine prevent her from litigating this issue a second time notwithstanding the amendments to section 425.18, subdivision (h). (See *Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491 [20 Cal.Rptr.3d 890, 100 P.3d 433]; *People v. Stanley* (1995) 10 Cal.4th 764, 786–787 [42 Cal.Rptr.2d 543, 897 P.2d 481].) Our situation is different from that present in *Soukup.* In *Soukup,* we ordered that the special motion to strike be granted and the review petition was granted. There was no binding appellate court judgment in *Soukup* when our Supreme Court held section 425.18 applies to pending appeals and reached the merits of the special motion to strike. We need not address the question of whether section 425.18 can apply on appeal to the merits of a special motion to strike when a prior final appellate court decision ordered it be granted. We assume for purposes

of argument that section 425.18 applies to the issue of the merits of the special motion to strike of Mr. Hafif and his firm.

■ Ms. Hutton argues we must order the special motion to strike filed by Mr. Hafif and his firm be denied because of section 425.18, subdivision (h). Section 425.18, subdivision (h) materially restricts the ability of a defendant named in a malicious prosecution or process abuse claim in a SLAPPback action to file a special motion to strike. As previously noted, section 425.18, subdivision (h) states, "A special motion to strike may not be filed against a SLAPPback by a party whose filing or maintenance of the prior cause of action from which the SLAPPback arises was illegal as a matter of law." In *Soukup*, our Supreme Court explained: "An illegal act is an act '[f]orbidden by law.' (Black's Law Dict. (7th ed. 1999), p. 750.) By specifying that only those defendants whose filing or maintenance of the underlying action was illegal as a matter of law are barred from bringing a special motion to strike a SLAPPback, it is clear that the Legislature intended to require something more than that the underlying action was dismissed as a SLAPP before section 425.18, subdivision (h) applies." (*Soukup v. Law Offices of Herbert Hafif*, *supra*, 39 Cal.4th at p. 283, fn. omitted.)

■ The Supreme Court has set forth how the parties are to litigate the issue of whether the underlying lawsuit was illegal as matter of law once a special motion to strike is filed in a SLAPPback action. First, the defendant must make the threshold showing that the underlying lawsuit arises from the exercise of the rights of petition or free expression. (§ 425.16, subd. (b)(1); *Soukup v. Law Offices of Herbert Hafif*, *supra*, 39 Cal.4th at p. 286; *Zamos v. Stroud* (2004) 32 Cal.4th 958, 965 [12 Cal.Rptr.3d 54, 87 P.3d 802].) This is the same defendant's burden that exists in the case of a special motion to strike an ordinary malicious prosecution cause of action. Second, the burden then shifts to the plaintiff to show that the underlying lawsuit was *illegal as a matter law.* (*Soukup v. Law Offices of Herbert Hafif*, *supra*, 39 Cal.4th at pp. 286–287.) Third, the plaintiff must show the underlying action was illegal because either the defendant concedes the unlawfulness of the "assertedly protected activity" or its illegality is "conclusively established by the evidence" presented in connection with the special motion to strike. (*Id.* at pp. 286–287; see *Paul for Council v. Hanyecz* (2001) 85 Cal.App.4th 1356, 1360–1361 [102 Cal.Rptr.2d 864], disapproved on other grounds in *Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th at p. 68, fn. 5.) Fourth, the plaintiff, in sustaining this burden of proof, "must identify with particularity the statute or statutes" violated by the filing and maintenance of the underlying lawsuit. (*Soukup v. Law Offices of Herbert Hafif, supra*, 39 Cal.4th at p. 287.) Fifth, the plaintiff must demonstrate the manner in which the statute or statutes were contravened with reference to the specific statutory elements that have been violated. (*Ibid.*)

■ Ms. Hutton asserts that the *Killingsworth* action was illegal as a matter of law because its filing and maintenance violated Business and Professions Code section 6094, subdivision (a) which forbids lawsuits predicated on communications to the State Bar. Thus, Ms. Hutton contends she has sustained her burden of proving with particularity a statute, Business and Professions Code section 6094, subdivision (a), was violated by the filing and maintenance of the *Killingsworth* action. (*Soukup v. Law Offices of Herbert Hafif, supra*, 39 Cal.4th at p. 287.) Business and Professions Code section 6094, subdivision (a) states, "Communications to the disciplinary agency relating to lawyer misconduct or disability or competence, or any communication related to an investigation or proceeding and testimony given in the proceeding are privileged, *and no lawsuit predicated thereon may be instituted against any person. . . .*" (Italics added; see *Jacques Interiors v. Petrak* (1987) 188 Cal.App.3d 1363, 1372 [234 Cal.Rptr. 44]; *Stanwyck v. Horne* (1983) 146 Cal.App.3d 450, 459–462 [194 Cal.Rptr. 228].) Ms. Hutton argues the *Killingsworth* action was illegal as a matter of law because in that lawsuit she was sued for reporting Mr. Hafif and his firm to the State Bar.

In order for an underlying action to be illegal as a matter of law, its illegality must be conceded by the defendant or conclusively established by the evidence to be so. (*Soukup v. Law Offices of Herbert Hafif, supra*, 39 Cal.4th at pp. 286–287.) Mr. Hafif and his firm do not concede their filing or maintenance of the *Killingsworth* action was illegal. (*Flatley v. Mauro, supra*, 39 Cal.4th at p. 321; see *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1090 [114 Cal.Rptr.2d 825].) Nor have Mr. Hafif and his firm "effectively conceded" the illegal nature of the *Killingsworth* action. (*Paul for Council v. Hanyecz, supra*, 85 Cal.App.4th at p. 1367; see *Yu v. Signet Bank/Virginia* (2002) 103 Cal.App.4th 298, 317, fn. 3 [126 Cal.Rptr.2d 516].) Further, Mr. Hafif and his firm do not concede the existence of any facts that conclusively establish the *Killingsworth* action was illegal as a matter of law. (*Flatley v. Mauro, supra*, 39 Cal.4th at pp. 320–321, 328–329.)

Further, Ms. Hutton has failed to conclusively prove by citation to the evidence the *Killingsworth* action was illegal as a matter of law because it violated Business and Professions Code section 6094, subdivision (a). The complaint in the *Killingsworth* action alleged: Ms. Hutton, as part of a conspiracy to harm Mr. Hafif and his firm, filed an unjustified civil action against them; one member of the conspiracy wrote a letter "to Congress" with other former clients; Ms. Hutton caused a newspaper article to be published in which Mr. Hafif and his firm were accused of overcharging for costs; complaints were made to "labor commissions and pension boards"; Ms. Hutton caused to be publicly republished the content of communications made to the State Bar; and Ms. Hutton and her coconspirators sought, by presenting a united front, to pressure defendants to reduce the fees and costs owed for their legal services. Among other things, the second amended complaint

alleged: Ms. Hutton maliciously pursued the first lawsuit between the parties where she was represented by Mr. Sales and the demurrer dismissal and sanctions order were set aside by Division Two of this appellate district; Ms. Hutton and her coconspirators caused an article to appear in the Orange County Register; Ms. Hutton made complaints to the federal False Claims Act information center which was a source of referrals for Mr. Hafif and his firm; and Ms. Hutton, along with others, caused a newspaper article to state that Mr. Hafif and his firm in litigation would " 'fight, fight, fight' " but then " 'settle, settle, settle' " when confronted with risk or the incurring of substantial costs. The foregoing allegations were public statements and not communications to the State Bar within the scope of Business and Professions Code section 6094, subdivision (a). As the Court of Appeal explained in the *Killingsworth* action appeal after the special motion to strike was granted, an Orange County newspaper published an article repeating the allegations in Ms. Hutton's State Bar complaint. The Court of Appeal explained: "The basis for the complaint's allegations against [plaintiff] . . . was the newspaper articles. The articles accurately reflected that complaints had been made to the State Bar . . . and the contents of those complaints." (*Hafif v. Soukup, supra*, G020977.) Business and Professions Code section 6094 bars lawsuits predicated on "[c]ommunications to the disciplinary agency relating" the "misconduct or disability or competence . . ." of a lawyer. Mr. Hafif and his firm sued Ms. Hutton for allegedly conspiring to harm them by filing a baseless lawsuit against them and publicizing false accusations about them. That she communicated her allegations to the State Bar was not the sole basis for the lawsuit. The filing and maintenance of the *Killingsworth* action against Ms. Hutton cannot be characterized as "illegal as a matter of law" because she was not sued solely for complaining to the State Bar. As a result, section 425.18, subdivision (h) did not preclude Mr. Hafif and his firm from moving to strike Ms. Hutton's SLAPPback action. (*Soukup v. Law Offices of Herbert Hafif, supra*, 39 Cal.4th at pp. 268–269, 287–291.)

At oral argument, Ms. Hutton argued that even though the complaint and second amended complaint adverted to conduct other than the filing of the State Bar complaint by her, the *Killingsworth* action is still "illegal as a matter of law" within the meaning of section 425.18, subdivision (h). Ms. Hutton asserted at oral argument that if only a part of the *Killingsworth* action violated Business and Professions Code section 6094, subdivision (a) by seeking compensation for damages resulting from her complaint to the State Bar, then it was still "illegal as a matter of law" within the meaning of section 425.18, subdivision (h). And if the *Killingsworth* action was "illegal as a matter of law" within the meaning of section 425.18, subdivision (h), Ms. Hutton asserts Mr. Hafif and his firm could not have filed their special motion to strike. As a result, Ms. Hutton argues we must reverse Judge Gutman's order granting the special motion to strike.

At oral argument, Ms. Hutton relied on the discussion in *Flatley v. Mauro, supra,* 39 Cal.4th at pages 305–320. In *Flatley,* an Illinois lawyer sent a letter to a dance producer. The letter, which was reviewed by the producer's London and Los Angeles lawyers, threatened to file suit because the dance producer had allegedly raped a woman. The letter and several followup telephone calls threatened to send press releases to media outlets about the filing of the lawsuit unless the producer paid several million dollars to the woman who allegedly had been raped. (*Id.* at pp. 307–311.) The producer paid no money but sued the Illinois lawyer for civil extortion, intentional severe emotional distress infliction, and interference with prospective business advantage. (*Id.* at p. 306.)

In *Flatley,* our Supreme Court held that the section 425.16 motion to strike procedure does not apply when the "defendant concedes, or the evidence conclusively establishes" that the assertedly protected petitioning activity is illegal as a matter of law. (*Flatley v. Mauro, supra,* 39 Cal.4th at p. 320.) Our Supreme Court explained: "[W]here a defendant brings a motion to strike under section 425.16 based on a claim that the plaintiff's action arises from activity by the defendant in furtherance of the defendant's exercise of protected speech or petition rights, but either the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law, the defendant is precluded from using the anti-SLAPP statute to strike the plaintiff's action." (*Ibid.*) Our Supreme Court characterized the Illinois lawyer's activity as extortion which is not entitled to any constitutional protection for the exercise of speech or petition rights. (*Id.* at pp. 305, 326–333.) Ms. Hutton contends that in *Flatley* some of the Illinois lawyer's conduct was perfectly legal—requesting settlement and filing the lawsuit. Yet, our Supreme Court, according to Ms. Hutton, found the Illinois lawyer's conduct, both legitimate and otherwise, illegal as a matter of law.

But it is noteworthy that *Flatley* did not involve the application of section 425.18, subdivision (h). Unlike this case, *Flatley* was not a SLAPPback action. (*Flatley v. Mauro, supra,* 39 Cal.4th at p. 317, fn. 7.) Moreover, our Supreme Court found the prelitigation threats in *Flatley* involved "extreme circumstances." (*Id.* at p. 332, fn. 16.) From the initial settlement demand letter to the last threatening telephone call, the Illinois lawyer engaged in extortion—conduct which is not protected by the Federal and state Constitutions. Further, in *Soukup,* our Supreme Court explained there are different evidentiary burdens in a traditional special motion to strike case and in a SLAPPback action. (*Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th at pp. 282–286.) *Flatley* did not directly address Ms. Hutton's argument that if only a part of the underlying action was unlawful because it violated a statute, Business and Professions Code section 6094, subdivision (a), it was still "illegal as a matter of law" within the meaning of section 425.18;

subdivision (h). Therefore, although pertinent to our discussion, *Flatley* is not directly controlling because it did not address Ms. Hutton's argument. (*Flatley v. Mauro, supra,* 39 Cal.4th at p. 320; *Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 343 [14 Cal.Rptr.3d 857, 92 P.3d 350].)

By contrast, although not discussing Ms. Hutton's precise contention, *Soukup* directly identified the plaintiff's burden to prove an underlying action is illegal in the section 425.18, subdivision (h) context. (*Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th at pp. 268, 283–284, 286–291.) The *Soukup* opinion, utilizing the section 425.18, subdivision (h) language and legislative documents, held the plaintiff's burden in a SLAPPback action was to prove the filing and maintenance of the underlying lawsuit was "illegal as a matter of law" not "partially illegal" as Ms. Hutton suggests. (*Ibid.*) In *Soukup,* as we have previously explained, our Supreme Court described an illegal act thus: "An illegal act is an act '[f]orbidden by law.' (Black's Law Dict. (7th ed. 1999), p. 750.)" (*Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th at p. 283, fn. omitted.) Part of the *Killingsworth* action, that which sought compensation because Ms. Hutton made a complaint to the State Bar, constituted conduct statutorily forbidden by law, i.e., Business and Professions Code section 6094, subdivision (a). That being said, the evidence does not indisputably demonstrate the remainder of the *Killingsworth* action was an act forbidden by any statute. Because a material part of the *Killingsworth* action violated no statute, its filing and maintenance was not "illegal as a matter of law" within the meaning of section 425.18, subdivision (h). Because the *Killingsworth* action was not "illegal as a matter of law," Judge Gutman's order dismissing Ms. Hutton's complaint cannot be set aside because the special motion to strike could never have been filed.

### D. The 2005 Amendment to Section 425.16, Subdivision (b)(3)

Ms. Hutton asserts that the order granting the special motion to strike her malicious prosecution action should be reversed because of the 2005 amendment to section 425.16, subdivision (b)(3) which states: "If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, *or in any subsequent action,* and no burden of proof or degree of proof otherwise applicable shall be affected by that determination *in any later stage of the case or in any subsequent proceeding.*" (Italics added.) We assume for purposes of discussion plaintiff can rely on the 2005 amendment to section 425.16, subdivision (b)(3) notwithstanding our prior unpublished opinion directing that the special motion to strike be granted.

As noted previously, Retired Judge Goldstein denied Ms. Hutton's summary judgment motion in the *Killingsworth* action. Thereafter, Retired Judge Thomas granted the special motion to strike in the *Killingsworth* action. In our unpublished opinion, we held that Retired Judge Goldstein's order denying the summary judgment motion established as a matter of law that there was probable cause to file the *Killingsworth* action.[2] As set out below in

---

[2] Our unpublished opinion stated in part: "Judge Goldstein's denial of plaintiff's summary judgment motion in the second lawsuit, the *Killingsworth* action (in which she was a defendant) on the grounds there were triable issues of material fact established that probable cause existed as a matter of law. (*Roberts v. Sentry Life Insurance* (1999) 76 Cal.App.4th 375, 382–385 [90 Cal.Rptr.2d 408]; accord *White v. Lieberman* (2002) 103 Cal.App.4th 210, 217–218 [126 Cal.Rptr.2d 608]; cf. *Wilson v. Parker, Covert & Chidester*, *supra*, 28 Cal.4th at pp. 816–826 [trial court's denial of defendant's section 425.16 motion to strike established probable cause].) As the Supreme Court explained in *Wilson*, 'Denial of a defense summary judgment motion on grounds that a triable issues exists . . . while falling short of a determination of the merits, establishes that the plaintiff has substantiated, or can substantiate, the elements of his or her cause of action with evidence that, if believed, would justify a favorable verdict.' (*Wilson v. Parker, Covert & Chidester*, *supra*, 28 Cal.4th at p. 824; accord *Bealmear v. So. Cal. Edison Co.* (1943) 22 Cal.2d 337, 340 [139 P.2d 20].) [¶] Plaintiff contends, but has not established, that the summary judgment denial in the second lawsuit, the Killingsworth action, was obtained by material misrepresentations of fact with respect to her diaries. Plaintiff claims defendants were in possession of her diary entries, on which they relied in opposing that summary judgment motion, only through a court reporter's inadvertent error, not by any legitimate means, and in violation of a stipulation among counsel; therefore, defendants' authentication of the evidence rested on material misrepresentations of fact. Defendants assert plaintiff was ordered to produce the diaries in the second lawsuit; however, their citation to the record does not support that claim. In any event, the record before us does *not* support plaintiff's claim. At her deposition in the underlying action, on April 24, 1995, plaintiff said she had prepared *summaries* of her diary entries—but not the diaries themselves—for 'the use of' her attorney. In addition, there was an indication the summaries reflected communications between plaintiff and her then attorney, Mr. Sales. Counsel agreed the summaries would not be attached as an exhibit to plaintiff's deposition transcript until they had resolved admissibility issues. There is no evidence the diary entries, as opposed to the summaries, were not made at the time of the events recorded therein. Moreover, later, by way of a declaration dated October 5, 1995, *plaintiff* herself introduced her diary entries as evidence in the second lawsuit, the Killingsworth action. Judge Goldstein subsequently relied on the diaries in denying plaintiff's summary judgment motion in the second lawsuit, the Killingsworth action, on February 6, 1996. On this record, we cannot conclude that the order denying summary judgment in the second lawsuit, the Killingsworth action, was obtained by material misrepresentations of fact. Judge Goldstein, who ruled on the summary judgment motion in the underlying case, made no such finding. [¶] We are mindful that Judge Thomas granted plaintiff's section 425.16 motion to strike in the second lawsuit, the Killingsworth action, based on the *exclusion* of the very evidence on which Judge Goldstein had *relied* in denying her summary judgment motion. Judge Thomas's ruling granting the special motion to strike in the second lawsuit, the Killingsworth action, did not undermine the effect of the Judge Goldstein's order denying summary judgment in terms of the probable cause analysis. As the Supreme Court held in *Wilson*, 'Claims that have succeeded at a hearing on the merits, even if that result is subsequently reversed by the trial or appellate court, are not so lacking in potential merit that a reasonable attorney or litigant would necessarily have recognized their frivolousness.' (*Wilson v. Parker, Covert & Chidester*, *supra*, 28 Cal.4th at p. 818; accord, *Bealmear v. So. Cal. Edison Co.*, *supra*, 22 Cal.2d at p. 340.) As noted above, plaintiff

footnote 2, we relied on several Court of Appeal opinions, *Roberts v. Sentry Life Insurance, supra,* 76 Cal.App.4th at pages 382–385 and *White v. Lieberman, supra,* 103 Cal.App.4th at pages 217–218. But we also cited to the following language from *Wilson v. Parker, Covert & Chidester, supra,* 28 Cal.4th at page 824, "Denial of a defense summary judgment motion on grounds that a triable issue exists . . . while falling short of a determination of the merits, establishes that the plaintiff has substantiated, or can substantiate, the elements of his or her cause of action with evidence that, if believed, would justify a favorable verdict." (Accord, *Bealmear v. So. Cal. Edison Co., supra,* 22 Cal.2d at p. 340.) In *Wilson,* our Supreme Court held that the merits-based denial of a special motion to strike establishes there is probable cause to file a malicious prosecution lawsuit just as does an order denying a summary judgment motion. (*Wilson v. Parker, Covert & Chidester, supra,* 28 Cal.4th at pp. 815, 821–822.) Ms. Hutton argues the October 2005 amendment to section 425.16, subdivision (b)(3) resulted in a complete abrogation of that part of *Wilson v. Parker, Covert & Chidester, supra,* 28 Cal.4th at pages 816–826 which holds that the denial of a summary judgment motion in an underlying lawsuit demonstrates there was probable cause to commence that action. As will be noted, the October 2005 amendment to section 425.16, subdivision (b)(3) only legislatively abrogates that part of the *Wilson* opinion which holds the denial of a special motion to strike is sufficient to show there was probable cause to file an underlying lawsuit.

As originally introduced on February 22, 2005, Assembly Bill No. 1158 proposed that section 425.16 be amended to add subdivisions (b)(4) and (d)(2). (Assem. Bill No. 1158 (2005–2006 Reg. Sess.) as introduced Feb. 22, 2005, § 1, pp. 2–3.) The initially proposed but ultimately rejected proposed amendment to section 425.16, subdivision (b)(4) would have provided, "The denial of a defendant's special motion to strike or other dispositive motion by the trial court or *the affirmance of the trial court's denial of the motion by* an intermediate appellate court shall not be deemed to be *constitute* probable cause for bringing or maintaining the cause of action challenged by the motion if the defendant eventually *ultimately* prevails under this section." (Assem. Bill No. 1158 (2005–2006 Reg. Sess.) § 1, p. 3.) Section 2 of Assembly Bill No. 1158 as amended April 25, 2005, explained the proposed amendments to section 425.16 as follows: "It is the intent of the Legislature, in adding paragraph (2) to subdivision (d) of Section 425.16 of the Code of Civil Procedure, to overrule the decision in *Soukup v. Stock* (2004) 118 Cal.App.4th 1490 [15 Cal.Rptr.3d 303], petition for review granted 10/20/04,

---

submitted evidence contradicting defendants' allegations in an effort to establish evidentiary support for her malicious prosecution claim in this lawsuit. Defendants' showing they had probable cause to bring the underlying action, however, defeats that evidence. (*Wilson v. Parker, Covert & Chidester, supra,* 28 Cal.4th at p. 821; see *Paul for Council v. Hanyecz, supra,* 85 Cal.App.4th at p. 1365.) Accordingly, the order denying defendants' section 425.16 special motion to strike must be reversed." (*Hutton v. Hafif, supra,* B162572, original italics.)

S126864. It is further the intent of the Legislature, in adding paragraph (4) to subdivision (b) of Section 425.16 of the Code of Civil Procedure, to overrule the decision in *Wilson v. Parker, Covert & Chidester*[, *supra*,] 28 Cal.4th 811. These decisions misconstrue Section 425.16 of the Code of Civil Procedure by interpreting it in a way that does not protect SLAPP targets. Malicious prosecution actions are generally disfavored because of the danger that they may chill petition and speech activity (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 872–874 [254 Cal.Rptr. 336, 765 P.2d 498]). However, a SLAPPback suit (malicious prosecution and related claims arising from the dismissal of a SLAPP suit) should instead be a favored action, because it furthers petition and speech rights." (Assem. Bill No. 1158 (2005–2006 Reg. Sess.) as amended Apr. 25, 2005, § 2, pp. 5–6, italics added.)

However, the initially proposed additions of subdivisions (b)(4) and (d)(2) to section 425.16 were not enacted but were abandoned by an amendment to Assembly Bill No. 1158 on August 15, 2005, in the Senate. (Assem. Bill No. 1158 (2005–2006 Reg. Sess.) as amended Aug. 15, 2005, § 1, p. 4.) Instead, section 425.16, subdivision (b)(3) was amended to provide: "If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, or *in any subsequent action,* and no burden of proof or degree or proof otherwise applicable shall be affected by that determination *in any later stage of the case or in any subsequent proceeding.*" (*Ibid.*, italics added.) This was the amendment that was adopted by the Legislature and signed into law by Governor Schwarzenegger.

As a Senate Committee on the Judiciary analysis explained, amending section 425.16, subdivision (b)(3) in this manner was only meant to be a "narrow abrogation" of *Wilson.* According to a Senate judiciary committee analysis: "This bill will enhance the ability of SLAPP victims to recover damages for being SLAPPed . . . . [I]t would narrowly abrogate a part of the Supreme Court decision in *Wilson v. Parker, Covert & Chi[ ]dester, [supra,]* 28 Cal.4th 811, in which the Court narrowly construed legislative intent and declined to bar the denial of an anti-SLAPP motion from having an adverse effect in a later action. That ruling effectively bars many SLAPP victims from filing a SLAPPback action even though that prior denial of the motion by the trial court was overturned on appeal. The proposed limited abrogation would allow those SLAPP victims to file a SLAPPback claim. (See Comment 3.)" (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1158 (2005–2006 Reg. Sess.) as amended Aug. 15, 2005, pp. 6–7, italics added.)

Comment 3 of the Senate Committee on the Judiciary analysis further explains: "[In *Wilson*], the Court was asked to construe (b)(3) to bar a trial

court's denial of an anti-SLAPP motion from precluding the SLAPP victim's bringing of a SLAPPback lawsuit when the victim eventually prevailed on appeal on that motion or prevailed in a later trial. The Court declined and instead ruled that a denial of the anti-SLA[P]P motion (on the ground that the plaintiffs had established the requisite probability of success) gives a SLAPP filer a probable cause defense in any subsequent malicious prosecution SLAPPback claim. Since one of the critical elements of an action for malicious prosecution is the absence of probable cause for bringing the prior action (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 874 [254 Cal.Rptr. 336, 765 P.2d 498]), that determination is fatal to many SLAPP victims who nonetheless prevailed on appeal or at trial, but cannot file a SLAPPback action to recover compensatory damages because of that *Wilson* ruling. [¶] While the Court may have been correct in its strict, literal interpretation of the statute, the Court in this instance arguably failed to heed the Legislature's direction to broadly construe the statute to further the legislative intent that the anti-SLAPP procedures be employed to quickly end abusive litigation against protected speech and activity. The clear and indisputable intent of (b)(3) is to not penalize the SLAPP victim for filing a special motion to end the case early, before any real discovery had been done and where the court does not weigh the evidence but simply looks to see if the plaintiff can make a showing of prima facie minimal case. The Court's view at page 826 that the minor effect of its ruling to force a SLAPP victim to choose between filing an anti-SLAPP at the risk of jeopardizing a subsequent malicious prosecution claim or foregoing that special motion to preserve the claim, does not comport with the clear intent of (b)(3) to not penalize the SLAPP victim for filing and losing an anti-SLAPP motion. [¶] This bill would correct that situation by amending (b)(3) to provide that the denial of the motion has no impact at any later stage of the case or in any subsequent action. [¶] This approach avoids the problems posed by the original proposal in AB 1158 in Section 425.16(b)(4) to overturn *Wilson* and *Roberts v. Sentry Life Insurance* (1999) 76 Cal. App.4th 375 [90 Cal.Rptr.2d 408], in their entirety, which would have affected the law of summary judgment as well as malicious prosecution. This approach also removes the California Defense Counsel's (CDC) opposition, which had strongly opposed any change in the *Wilson-Roberts* line of cases. This approach also addresses the Civil Justice Association of California's (CJAC) specific objection to the (b)(4) provision, and CJAC has removed its opposition." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1158 (2005–2006 Reg. Sess.) as amended Aug. 15, 2005, pp. 9–11, italics added.)

■ The Legislature did not intend to completely abrogate *Wilson* in the manner argued by Ms. Hutton. Indeed, changes in the Senate were made to Assembly Bill No. 1158 (2005–2006 Reg. Sess.), as it was initially introduced, in order to avoid abrogating the analysis in *Wilson* about the effect of

an order denying summary judgment in an underlying litigation on the probable cause element of a malicious prosecution action. Indeed, section 425.16, subdivision (b)(3) was amended in the Senate to delete the language in the earlier Assembly version of the bill which intended to abrogate not only *Wilson* but *Roberts v. Sentry Life Insurance, supra,* 76 Cal.App.4th at pages 382–385. *Roberts* involved the effect of the denial of a partial summary judgment motion in an underlying federal action on the probable cause element in an ensuing state court malicious prosecution lawsuit. (*Ibid.*) Moreover, as the language of section 425.16, subdivision (b)(3) shows, the subject of the 2005 amendment to the statute is to avoid a preclusive effect of a finding of probability of success of a cause of action when a special motion to strike has been granted in the early course of the underlying proceedings.

In this case, the issue is not the effect of a merits-based denial of the special motion to strike in the *Killingsworth* action. Rather, the controlling issue is the effect of Retired Judge Goldstein's denial of Ms. Hutton's summary judgment motion in the *Killingsworth* action. Nothing in the 2005 amendment to section 425.16, subdivision (b)(3) changes the well-established rule of law applicable to a malicious prosecution complaint that the denial of a summary judgment motion in the underlying action establishes probable cause to file that lawsuit. Thus, assuming for the sake of argument the effect of the 2005 amendment to section 425.16, subdivision (b)(3) can be raised in the current appeal, Judge Gutman's order granting the special motion to strike was entirely correct.

### E. Other Contentions

The parties raise other contentions. Some of the parties' arguments, including those concerning the effect of *Crowley v. Katleman* (1994) 8 Cal.4th 666, 679, 695 [34 Cal.Rptr.2d 386, 881 P.2d 1083], on the present lawsuit and the *Killingsworth* action, are deftly disguised efforts to relitigate whether we should have ordered the special motion to strike granted, apart from the 2005 amendment to section 425.16 and the enactment of section 425.18. Insofar as the parties seek reconsideration of the merits of our prior May 11, 2004 unpublished opinion ordering entry of the special motion to strike, apart from the effect of the 2005 amendment to section 425.16 and the enactment of section 425.18, principles of res judicata and law of the case warrant us not reconsidering our prior decision. (*People v. Boyer* (2006) 38 Cal.4th 412, 441 [42 Cal.Rptr.3d 677, 133 P.3d 581]; *People v. Whitt* (1990) 51 Cal.3d 620, 638 [274 Cal.Rptr. 252, 798 P.2d 849].) Other than as we have noted, the law of the case doctrine controls the outcome of this appeal in terms of the merits of plaintiff's case.

## IV. DISPOSITION

The order granting the special motion to strike is affirmed. The order granting attorney fees to defendants, Law Offices of Herbert Hafif and Herbert Hafif, pursuant to Code of Civil Procedure section 425.16, subdivision (c) is reversed. The order imposing costs in the sum of $4,195.64 in their favor other than attorney fees is affirmed. Each side to bear their own costs on appeal.

Armstrong, J., and Mosk, J., concurred.

A petition for a rehearing was denied May 24, 2007, and appellant's petition for review by the Supreme Court was denied August 8, 2007, S153415.