Filed 2/26/16 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ELIZABETH KARNAZES<br><br>    Plaintiff and Appellant,<br><br>  v.<br><br>TYLER ARES et al.,<br><br>    Defendants;<br><br>ASHLEY D. POSNER,<br><br>    Real Party in Interest and<br>Respondent. | B246308<br><br>(Los Angeles County<br>Super. Ct. No. BC489740)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:*

It is ordered that the opinion filed herein on January 27, 2016, be modified as follows:

1. On page 11, the third sentence of the first full paragraph is deleted and the following sentence is inserted in its place:

Appellant provides no discussion of any law applying these provisions to require a trial court to provide a full copy of its tentative ruling to an individual appearing by telephone.

2. On page 11, the last sentence of the second full paragraph is deleted and the following sentence is inserted in its place:

It makes no mention of any requirement that the court provide full electronic or faxed copies of tentative rulings to parties making telephonic appearances, regardless of whether the court was notified in advance of the telephonic appearance.

_____

*ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

Filed 1/27/16 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ELIZABETH KARNAZES | B246308 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC489740) |
| v. | |
| TYLER ARES et al., | |
| Defendants; | |
| ASHLEY D. POSNER, | |
| Movant and Respondent. | |

 

APPEAL from an order of the Superior Court of Los Angeles County.  Yvette M. Palazuelos.  Affirmed.

Elizabeth Karnazes, in pro. per., for Plaintiff and Appellant.

Posner Law Corporation and Ashley D. Posner for Movant and Respondent.

Elizabeth Karnazes (appellant) appeals from an order granting a special motion to strike appellant's complaint filed by Ashley Posner (respondent) pursuant to Code of Civil Procedure section 425.16 (anti-SLAPP motion).[1]

We find no error in the trial court's ruling, therefore we affirm the order.

## CONTENTIONS

Appellant makes the following contentions: (1) the trial court violated the law by failing to provide appellant with a copy of the tentative ruling that was provided to respondent prior to oral argument on the anti-SLAPP motion; (2) respondent's motion was untimely and should have been denied for that reason; (3) respondent's motion should have been denied because respondent is a person primarily engaged in the business of selling services under the statutory exception set forth under section 425.17, subdivision (c); and (4) respondent's actions were illegal as a matter of law and thus were not subject to the protections of section 425.16.

## FACTUAL BACKGROUND[2]

In 2008, appellant invested the assets in her home equity line of credit with Tyler Ares (Ares), the adult son of a friend of appellant's. Ares promised to prudently invest the funds, taking no significant risks. Ares further promised that appellant would make enough profit to pay the interest on the home equity line of credit plus a small profit. Ares stated that he would treat the assets as if they were his mother's assets and would not lose the assets under any circumstances. Ares, and the other defendants, knew that appellant was a disabled American more susceptible to the defendants' wrongful acts

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Appellant's version of the facts does not contain proper citations to the record. Pursuant to California Rules of Court, rule 8.204(a)(1)(C), appellant was required to support any reference to a matter in the record by a citation to volume and page number of the record where the matter appears. Appellant has provided a general citation to the complaint and response, and simply written "Id" after every paragraph. The detailed facts set forth in appellant's opening brief are not found in the complaint or response, therefore we will limit the facts to those we are able to locate in the record.

4

than an able person and knew or should have known that appellant had no training in economics, was not an experienced investor, and needed her assets for financial support.

Ares and the other defendants did not safely and prudently invest appellant's assets. Instead they lost her assets plus an amount that continues to accrue on her home equity line of credit.

Appellant asserts that respondent promised appellant he would help set up a repayment plan for Ares and the other defendants to pay back appellant the assets that were lost. However, instead of helping set up a repayment plan, respondent obtained privileged information from appellant to assist respondent in preventing appellant from recovering the damages caused by the actions of Ares and the other defendants.

Respondent is an attorney who was retained by his nephew, Ares, in October 2008 concerning claims made against Ares by appellant. Respondent knew appellant to be a friend of his sister, Ares's mother. Beginning on October 26, 2008, appellant and respondent exchanged 16 messages upon which all of appellant's claims against respondent are based. In these emails, respondent expressly informed appellant that he was acting as Ares's attorney. Specifically, on October 29, 2008, respondent stated: "Please stop attempting to contact [Ares] directly. I represent him as his attorney and he will not communicate with you other than through counsel." The emails also indicated that respondent was writing in anticipation of litigation. On October 29, 2008, respondent wrote: "[I]f you insist on taking some sort of legal action, I request that you serve me with a courtesy copy of all pleadings and correspondence."

## PROCEDURAL HISTORY

On October 12, 2010, appellant filed her complaint in Santa Clara County Superior Court. The complaint named as defendants Ares, his mother Gabrielle Ares, respondent, Gunn-Allen, ECHO trade, and Does 1-100. It asserted causes of action for negligence, fraud, breach of contract, common counts, and exemplary damages.

Appellant's first amended complaint (FAC) was filed on December 5, 2011. The FAC alleged 22 causes of action against the defendants. The 18th through 22nd causes of action alleged fraud, fraudulent concealment, and promissory fraud against respondent.

5

Specifically, appellant alleged that respondent falsely promised to help appellant set up a repayment plan and contract for Ares, Gabrielle Ares, and the other defendants. Respondent was obtaining privileged information from appellant and preventing appellant from recovering her damages.

A motion to change venue was granted, and on August 7, 2012, the Los Angeles County Superior Court received a notice of incoming case transfer and papers and documents on transfer.

On August 13, 2012, respondent filed his anti-SLAPP motion, arguing that the 18th through 22nd causes of action in appellant's complaint constituted a strategic lawsuit against public policy. The alleged fraudulent misrepresentations occurred in anticipation of litigation. Respondent argued that he was representing appellant's stockbroker after the time of appellant's alleged stock market losses. Therefore, respondent argued, the speech between appellant and respondent is constitutionally protected and absolutely privileged under Civil Code section 47, subdivision (b). Respondent argued that his motion was timely because a motion to change venue operates as a stay of proceedings. Following the transfer of an action upon an order changing venue, California Rule of Court, rule 3.1326 starts a new 30-day period of time to file a responsive pleading to the complaint. Respondent attached a declaration indicating that he had been retained by Ares, his nephew, in October 2008 concerning claims made against him by appellant. Respondent stated that he had never met appellant, had never represented her, and that all communications with her relevant to this lawsuit were undertaken in his role as Ares's attorney.

The trial court's ruling granting respondent's motion was filed on November 30, 2012. The court found respondent's motion to be timely because it was filed within 60 days of transfer to that court. Addressing the first prong of the burden under section 425.16, the trial court found that respondent made a prima facie showing that the communication arose from protected activity. Specifically, all communications were made in anticipation of litigation. The court rejected appellant's arguments that the communications at issue were illegal.

6

Addressing the second prong of the test under section 425.16, the trial court found that appellant failed to establish a probability of prevailing on her claims against respondent. Appellant failed to provide any evidence suggesting that respondent made misrepresentations to appellant or that appellant suffered damage from any statements made by respondent.

On January 7, 2013, appellant filed her notice of appeal from the order.

## DISCUSSION

### I. Applicable law and standard of review

A special motion to strike under section 425.16, also known as the anti-SLAPP statute, allows a defendant to seek early dismissal of a lawsuit involving a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue."[3] (§ 425.16, subd. (b)(1).)

Actions subject to dismissal under section 425.16 include those based on any of the following acts: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

"A SLAPP is subject to a special motion to strike 'unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' (§ 425.16, subd. (b)(1).) Thus, evaluation of an anti-SLAPP motion requires a

---

[3]     "SLAPP is an acronym for 'strategic lawsuit against public participation.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

7

two-step process in the trial court. 'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citations.]" (*Nygard, Inc. v. Uusi-Kerttula* (2008) 159 Cal.App.4th 1027, 1035 (*Nygard*).) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute -- i.e., that arises from protected speech or petitioning *and* lacks even minimal merit -- is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

"'Review of an order granting or denying a motion to strike under section 425.16 is de novo. [Citation.] We consider "the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) However, we neither "weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law." [Citation.]' [Citations.]" (*Nygard, supra*, 159 Cal.App.4th at p. 1036.)

## II. The anti-SLAPP motion was properly granted

### A. Timeliness

We first address the timeliness of respondent's motion. Generally, "[a] party may not file an anti-SLAPP motion more than 60 days after the filing of the complaint, unless the trial court affirmatively exercises its discretion to allow a late filing. [Citation.]" (*Platypus Wear, Inc. v. Goldberg* (2008) 166 Cal.App.4th 772, 775; § 425.16, subd. (f).)

Section 425.16, subdivision (f) provides:

> "The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing."

8

Appellant argues that respondent was served with the FAC on January 25, 2012, and had no viable grounds to claim he could not have timely filed his anti-SLAPP motion when he sought a change of venue or on some earlier date than August 13, 2012.

However, appellant fails to take into consideration the legal consequences of the venue change from Santa Clara County to Los Angeles County. On August 7, 2012, the Los Angeles County Superior Court received a notice of incoming case transfer and papers and documents on transfer.

California Rules of Court, rule 3.1326 "grants a defendant, who successfully obtains a change of venue, 30 calendar days from the date the receiving court mails notice of receipt of the case to 'move to strike, demur, or otherwise plead if the defendant has not previously filed a response.'" (*South Sutter, LLC v. LJ Sutter Partners, L.P.* (2011) 193 Cal.App.4th 634, 653 (*South Sutter*).) In *South Sutter*, the relevant complaint was served on August 7, 2007. However, a stipulation to transfer venue from Santa Clara County to Sutter County was entered on August 30, 2007, and signed by the Santa Clara court on September 5, 2007. The Sutter County Superior Court mailed notice of receipt of the case on October 23, 2007. The defendants filed their anti-SLAPP motion on December 12, 2007. The Court of Appeal determined that the 60-day period for filing the anti-SLAPP motion began on the date of Sutter County's notice of receipt of transfer. Thus, it did not expire until December 24, 2007, and the anti-SLAPP motion was timely filed. (*Id.* at pp. 653-654.)

The parties do not indicate when the Los Angeles court mailed notice of receipt of the case, however such notice was filed on August 7, 2012. Because respondent's anti-SLAPP motion was filed six days later, on August 13, 2012, it was undoubtedly filed within 30 days of the mailing of such notice. Thus, it was timely.

Appellant argues that *South Sutter* does not address the Los Angeles court's five-month delay before the time of hearing. Appellant points out that nowhere in the record is there any proof or even argument that the trial court's docket conditions required such a delay. However, a trial court may not properly deny an anti-SLAPP motion on the grounds that the hearing was not scheduled within 30 days after service of the motion.

9

Instead, section 425.16, subdivision (f) "requires the court clerk to schedule a special motion to strike for a hearing no more than 30 days after the motion is served if such a hearing date is available on the court's docket, but does not require the moving party to ensure that the hearing is so scheduled and does not justify the denial of a special motion to strike solely because the motion was not scheduled for a hearing within 30 days after the motion was served." (*Hall v. Time Warner, Inc.* (2007) 153 Cal.App.4th 1337, 1349.) The trial court was not permitted to deny the motion on the ground that the hearing was not scheduled within 30 days of service of the motion -- nor may we reverse on this ground.

Pursuant to the authorities discussed above, respondent's motion was timely filed.

**B.  Section 425.16 analysis**

The threshold question in evaluating respondent's anti-SLAPP motion is whether appellant's complaint arises from protected activity. (*Nygard, supra,* 159 Cal.App.4th at p. 1035.) The trial court found that it does. We agree.

Respondent had the initial burden of showing that the causes of action against him arose from protected activity. (§ 425.16, subd. (e).) The protection provided for written or oral statements made in connection with judicial proceedings (*ibid*.) includes communications preparatory to or in anticipation of such proceedings. (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 784.) Thus, the burden may be satisfied by showing that the statements at issue were made in anticipation of litigation.

In determining whether the moving party has met his burden, the trial court may consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.)

Respondent included with his motion a declaration attaching email communications with appellant dated between October 26, 2008 and December 4, 2008. The email communications include a recitation of the reasons that respondent believed Ares should have no concern for any criminal or civil liability, and a request that "If you

10

feel compelled to sue Tyler or anyone else . . . I would appreciate receiving a courtesy copy of any complaint." Two days later, respondent again wrote to appellant indicating that he had reviewed all written statements made by appellant to Ares's employer and reiterating that respondent "cannot see why Tyler or anyone else has any legal or any other sort of responsibility to make any offer to you based upon your trading losses." Accordingly, respondent "respectfully reject[ed] [appellant's] demands on Tyler's behalf and consider[ed] this matter closed." Respondent again requested a courtesy copy of any complaint that appellant might file. The same day, respondent wrote a second email to appellant which stated clearly: "Tyler will not pay you any money for all of the reasons I have given to you. Please stop attempting to contact him directly. I represent him as his attorney and he will not communicate with you other than through counsel."

Respondent later forwarded appellant a check representing the balance of the funds she had invested. After appellant threatened to contact Ares directly, respondent wrote: "I represent Tyler Ares. If you attempt to contact him directly you do so in direct violation of Rule[s] of Professional Conduct, [rule] 2-100." On November 24, 2008, after appellant wrote to respondent that she is "as much [respondent's] former client as Tyler Ares is," respondent wrote: "I have not and do not represent you. I have never represented you." On December 4, 2008, appellant wrote to respondent requesting her files. Respondent indicated that after the last email message dated December 4, 2008, he heard nothing from appellant until he was served with the complaint on or about January 25, 2012.

We find, as did the trial court, that all of respondent's communications with appellant occurred within the context of anticipated litigation and settlement. The communications include a review of possible claims and references to Ares as respondent's client. In addition, they contain a request for a copy of any complaint that might be filed in the matter under discussion. Thus, we find that respondent met his burden of showing that the claims against him arose from protected activity.

Having determined that the allegations against respondent arose from protected speech, we next must determine whether appellant demonstrated a probability of

11

prevailing on her claims against respondent. (*Nygard, supra*, 159 Cal.App.4th at p. 1035.) As the trial court noted, appellant failed to include with her response any evidence suggesting that she had a probability of prevailing on the merits of her claims. Appellant claims that she alleged verified detailed facts in her complaint and in her response. However, pleadings do not constitute evidence. (*Cassady v. Morgan, Lewis & Bockius LLP* (2006) 145 Cal.App.4th 220, 241.)[4] Appellant included no facts suggesting that respondent made any specific misrepresentations to appellant or that appellant relied on any such statements to her detriment.

Respondent's anti-SLAPP motion was properly granted.

## III. The trial court did not violate appellant's rights

Appellant asserts that the trial court violated her rights by failing to provide her with a copy of the tentative ruling provided to respondent prior to oral argument on respondent's anti-SLAPP motion. Appellant argues that she was greatly prejudiced because she did not know the basis or logic behind the court's tentative ruling, and did not know how to tailor her arguments to address the issues raised in the tentative ruling.

Appellant appeared telephonically for the hearing. California Rules of Court, rule 3.670(h) governs telephonic appearances, and requires that the party intending to appear

---

[4] Appellant has provided a citation to her response to the anti-SLAPP motion, in which appellant provided a short declaration indicating that the statements in that pleading are true and correct. However, appellant failed to provide any evidence showing the basis for her alleged belief that respondent was acting as her attorney or acting in her interests in any way. The emails submitted by respondent show otherwise. Appellant's unfounded and baseless belief that respondent was acting as her attorney is not relevant to the section 425.16 analysis, because it does not assist in establishing a prima facie case for any of the causes of action appellant alleged against respondent. (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821, superseded by statute on other ground as noted in *Hutton v. Hafif* (2007) 150 Cal.App.4th 527, 547 ["plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited'"].) An anti-SLAPP motion should be granted "if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim. [Citation.]" (*Ibid*.) Such is the case here, where respondent's emails show that he was representing Ares, not appellant.

telephonically notify the court of his or her intention to appear telephonically. There is no evidence in the record that appellant notified the court or any party of her intention to appear telephonically.

In support of her claim that her rights have been violated, appellant string cites several authorities, none of which support her claim that the trial court was required to provide her an electronic copy of the tentative ruling under the circumstances of this case. Appellant first makes general citations to article IV of the United States Constitution, Fourteenth Amendment; the California Constitution, article I; title 42 of the United States Code, sections 1981 and 1983; and the Unruh Civil Rights Act (Civ. Code, §§ 51 & 52). Appellant provides no discussion of any law applying these provisions to require a trial court to provide a copy of its tentative ruling to an individual appearing by telephone when that individual has not notified the court of her telephonic appearance. Appellant also cites *Mitchum v. Foster* (1972) 407 U.S. 225, without explanation of how the case is relevant to her claims here. Appellant generally cites the Los Angeles Superior Court Local Rules, without referencing a specific rule relevant to the issue she has raised.[5]

Finally, appellant cites California Rules of Court, rule 3.1308, which governs tentative rulings. Appellant provides no analysis of the provision or how it helps her position. The statute provides an optional tentative ruling procedure, which, if used, must be set forth in the court's local rules. The statute expressly allows tentative rulings to be posted or announced on the day of the hearing. (Cal. Rules of Court, rule 3.1308(b).) It makes no mention of any requirements for parties making unannounced telephonic appearances.

In sum, appellant has failed to convince this court that the trial court committed error in failing to provide appellant with a copy of the tentative ruling on the day of the hearing.

---

[5]     Appellant admits that the Los Angeles Superior Court Local Rules do not provide a uniform tentative ruling procedure.

## IV. Section 425.17, subdivision (c) is inapplicable

Appellant argues that respondent's motion should have been denied because respondent falls under the exception set forth in section 425.17, subdivision (c).

Section 425.17, subdivision (c) provides:

> "Section 425.16 does not apply to any cause of action brought against a person primarily engaged in the business of selling or leasing goods or services, including, but not limited to, insurance, securities, or financial instruments, arising from any statement or conduct by that person if both of the following conditions exist:

> "(1) The statement or conduct consists of representations of fact about that person's or a business competitor's operations, goods, or services, that is made for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services, or the statement or conduct was made in the course of delivering the person's goods or services.

> "(2) The intended audience is an actual or potential buyer or customer, or a personal likely to repeat the statement to, or otherwise influence, an actual or potential buyer or customer, or the statement or conduct arose out of or within the context of a regulatory approval process, proceeding, or investigation, except where the statement or conduct was made by a telephone corporation in the course of a proceeding before the California Public Utilities Commission and is the subject of a lawsuit brought by a competitor, notwithstanding that the conduct or statement concerns an important public issue."

Appellant argues that respondent is primarily engaged in the business of selling services, and that his statement or conduct was made in the course of delivering his services, and that his intended audience was the actual customer, appellant. The trial court disagreed, finding that the only evidence presented in the case was that respondent was engaged in services as an attorney. Appellant asserts, without citation to any case law, that attorneys are subject to section 425.17, the commercial speech exception to the anti-SLAPP statute.

In support of her position that respondent's communications in this matter fall within the commercial speech exception set forth in section 425.17, appellant cites

14

*Brenton v. Metabolife Internat., Inc.* (2004) 116 Cal.App.4th 679, which involved an action against the manufacturer of a product, not an attorney. Appellant also cites *Brill Media Co., LLC v. TCW Group, Inc.* (2005) 132 Cal.App.4th 324, disapproved in *Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, which involved an action brought by media entities against bondholders and related companies. These cases do not support the proposition that an attorney's communications in anticipation of litigation fall under the exception created by section 425.17.

Respondent cites *Flores v. Emerich & Fike* (E.D. Cal. 2006) 416 F.Supp.2d 885 (*Flores*), which involved a lawsuit brought by apple growers against the attorneys who represented a fruit packing company against whom the apple growers had obtained judgment in a prior action. The lawsuit alleged against the attorneys malicious prosecution, malicious abuse of process, fraud, and conversion, among other things. (*Id.* at pp. 894-895.) The attorney defendants filed an anti-SLAPP motion, and the plaintiffs argued that the commercial speech exception provided under section 425.17 should apply. The district court disagreed, finding the exception inapplicable. The court explained: "The Fike Defendants, who are attorneys, are not covered by the plain language of this provision, even though, technically, as attorneys, they market legal services to the public. Their alleged actions here do not pertain to efforts to market their services nor were representations made to potential consumers or to gain a competitive advantage. This exception is . . . inapplicable." (*Flores*, at p. 899.)

We are persuaded by the reasoning in *Flores*. Similarly, here, the statements made by respondent were not statements of fact about his services for the purpose of promoting his services, nor were the statements made to an intended buyer or customer. All statements were made in the context of respondent's representation of Ares in prelitigation negotiations with appellant. The commercial speech exception set forth under section 425.17 does not apply.

## V. Respondent's alleged actions were not illegal

Appellant asserts that respondent's alleged actions in defrauding appellant were illegal as a matter of law and thus did not come within the protections of the anti-SLAPP law. Appellant cites *Mindys Cosmetics, Inc. v. Dakar* (9th Cir. 2010) 611 F.3d 590, without explanation of its relevance. In *Mindys*, it was held that the attorney defendant's action of filing a trademark application was protected by the anti-SLAPP law, but that the claims of malpractice, breach of fiduciary duty, fraudulent concealment and conversion claims were likely to succeed in the context of an alleged wrongful appropriation of trademark rights. The case does not provide support for appellant's contentions that respondent's actions in this matter were not protected by the anti-SLAPP law.

Appellant also cites, without discussion, *Kolar v. Donahue, McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, a legal malpractice case, and *Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, an accounting malpractice case. Neither case suggests that an attorney's prelitigation communications on behalf of his client, such as those at issue here, may be considered illegal as a matter of law.

### DISPOSITION

The order is affirmed. Respondent is awarded costs of appeal.

**CERTIFIED FOR PUBLICATION**

_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST



_____, J.
HOFFSTADT

16