Filed 10/16/20  Rickley v. Tesoro Refining & Marketing Co., LLC CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| REBECCA RICKLEY, et al., | B291375 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC696774) |
| v. | |
| TESORO REFINING & MARKETING CO., LLC, et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard L. Fruin.  Affirmed.

Buchalter, Efrat M. Cogan and Matthew S. Covington for Defendants and Appellants.

Law Offices of Natasha Roit, Natasha Roit for Plaintiffs and Respondents.

————————————————

In the course of litigation over an easement, the superior court granted Tesoro Refining & Marketing Company and Thrifty Oil Co. (collectively Tesoro), the alleged owners of a dominant tenement, permission to enter the alleged servient tenement, owned by Rebecca Rickley and Natasha Roit (collectively Rickley), to inspect the property and take photographs. As a result of the inspectors' conduct during that inspection, Rickley filed the instant lawsuit, alleging the inspectors strayed from the express parameters of the inspection by "peering into Plaintiffs' bedrooms and photographing and/or attempting to photograph and/or film Plaintiff Roit in the bathroom," which constituted an invasion of privacy and violated Civil Code section 1708.8 (knowing entry onto land to capture a visual image). Tesoro specially moved to strike the complaint under the anti-SLAPP statute (Strategic Lawsuit Against Protected Activity; Code of Civil Procedure section 425.16 (section 425.16)), arguing the alleged conduct occurred as part of a court-ordered property inspection, which was protected activity. The trial court found that the complaint arose not from litigation activity but from photography extraneous to the court-ordered inspection, and thus denied Tesoro's special motion to strike.

We agree that Tesoro's alleged attempt to photograph Roit in her bathroom was extraneous to the court-ordered property inspection, and was thus unprotected by the anti-SLAPP statute. Because Rickley's complaint arose from this unprotected activity, Tesoro's special motion to strike was properly denied. Accordingly, we affirm.

**BACKGROUND**

Tesoro leases a gas station at the bottom of a hillside in Malibu. Rickley owns the immediately upslope property. A

2

sewer connection exists on Rickley's street, opposite the gas station. Tesoro alleges, and Rickley denies, that Tesoro owns a sewer line easement from the gas station, through Rickley's property, to the connection. Tesoro sued Rickley to quiet title to the easement.

In that litigation, the trial court granted Tesoro permission to enter and inspect Rickley's property, including by taking photographs and video and digging holes. The trial court expressly ordered that "[t]he interior of the home may not be intentionally photographed."

On February 28 and March 1, 2018, Tesoro's counsel and consultants entered onto Rickley's property and performed various tasks, including using ground penetrating radar to locate portions of the sewer line that were underground, engaging in localized digging to find portions that were underground, and engaging in survey related activity. Photographers and videographers worked on the premises, and George Stephan, Tesoro's attorney, attended the inspection and separately took photographs.

On March 5, 2018, Rickley filed the instant lawsuit, asserting four causes of action. In her first and fourth causes of action, for abuse of process and negligence, Rickley alleged that Tesoro deliberately leveraged the court's inspection order to strong-arm its way onto her property and damage it by digging holes and removing shrubbery.

In her second and third causes of action, for invasion of privacy and violation of Civil Code section 1708.8, Rickley alleged that Tesoro invaded plaintiffs' privacy by "peering into Plaintiffs'

3

bedrooms and photographing and/or attempting to photograph and/or film Plaintiff Roit in the bathroom."[1]

Tesoro moved to strike the complaint under section 425.16, arguing it arose from litigation activity, which is protected by the anti-SLAPP statute, and Rickley could not establish a probability of prevailing on the merits.

In opposition to the motion, Rickley declared that Stephan, Tesoro's attorney, attended the inspection and took photographs independent of the inspectors, photographs which were not part of the property inspection. When he "reached the first bedroom window, he stopped and attempted to photograph inside that bedroom and an accompanying bathroom with an opaque glass door, being used by Ms. Roit."

In reply, Stephan declared that Rickley's assertions were untrue: He had no knowledge of where any bedroom or bathroom was located in the Rickley residence, and had merely attempted

---

[1] Civil Code section 1708.8 provides in relevant part: "A person is liable for physical invasion of privacy when the person knowingly enters onto the land or into the airspace above the land of another person without permission or otherwise commits a trespass in order to capture any type of visual image, sound recording, or other physical impression of the plaintiff engaging in a private, personal, or familial activity and the invasion occurs in a manner that is offensive to a reasonable person." (*Id.* at subd. (a).)

The California Constitution provides in relevant part: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." (Cal. Const., art. I, § 1.)

to photograph a gas meter on the side of the house to assist in digging efforts (by helping to avoid gas lines).

The trial court found that Rickley's first and fourth causes of action, for abuse of process and negligence, arose from implementation of the court's inspection order, which was protected activity, and found that because "[t]here is no convincing way to distinguish the pursuit of the order itself and the allegedly improper manner in which the order was thereafter implemented," plaintiffs were unable to establish a probability of prevailing. The trial court therefore granted Tesoro's special motion to strike these causes of action, a ruling Rickley does not contest.

The court disagreed with Tesoro, however, as to Rickley's invasion of privacy causes of action. It found that although defendants "were admittedly only on Plaintiffs' property because of the inspection order, . . . the alleged photograph into plaintiffs' property is too disconnected from the order to be considered protected activity. . . . An analogy asserted by Plaintiffs is particularly apt:  Under Defendants' theory, Defendants could have taken a baseball bat and intentionally smashed Plaintiffs' windows, and still claimed that conduct was protected merely because they initially entered Plaintiffs' property pursuant to a Court order, even if that Court order only allowed then to survey the land and engage in some minor digging."  The court therefore denied Tesoro's order as to Rickley's second and third causes of action, and declined to reach whether plaintiffs demonstrated a probability of prevailing.

Tesoro appeals.

## DISCUSSION

Tesoro contends the trial court erred in finding the gravamen of Rickley's invasion of privacy claims arose from unprotected activity. We disagree.

An anti-SLAPP motion requires a court to engage in a two-pronged analysis. First, the court determines whether the complaint alleges protected free speech or petitioning activity, and whether the claims the movant seeks to strike "aris[e] from" such protected activity. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 (*Baral*); *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.) If so, the burden shifts to the plaintiff to establish in the second prong of the analysis that any such claims are legally sufficient in "a summary-judgment-like procedure." (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 278, 291; *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.) Any claims and/or allegations as to which the plaintiff fails to make a prima facie showing should be stricken. (*Baral*, at p. 396.)

The "arising from protected activity" prong of our anti-SLAPP analysis also has two distinct aspects. As a preliminary matter, we determine whether any of Tesoro's alleged acts underlying Rickley's causes of action constitute protected activity. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) Next, to the extent we identify any such protected conduct, we determine whether Rickley's claims arise from it—that is, whether the protected conduct provides a necessary element of any claims alleged and thus is necessary to "justify a remedy." (*Baral, supra,* 1 Cal.5th at pp. 395-396; see *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1063.)

6

Protected activity under the anti-SLAPP statute includes any "act" that is "in furtherance of" a defendant's free speech or petitioning rights, including "any written or oral statement or writing made before a . . . judicial proceeding." (§ 425.16, subd. (e); see *City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 422.) This includes " 'communications preparatory to or in anticipation of the bringing of an action or other official proceeding.' " (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115; *Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, 17-19.)

On appeal, we review the trial court's decision regarding an anti-SLAPP motion de novo, "engaging in the same two-step process." (*Tuszynska v. Cunningham* (2011) 199 Cal.App.4th 257, 266-267.) In so doing, we consider "the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)

Applying these principles to the conduct of attorneys, the general rule is that "all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding . . . are per se protected as petitioning activity by the anti-SLAPP statute." (*Cabral v. Martins* (2009) 177 Cal.App.4th 471, 479-480.) A limited exception exists where "either the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petitioning activity was illegal as a matter of law." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 320.)

The conduct we analyze under these standards is not just that "alleged" in "the complaint alone[,] but rather . . . the pleadings and the factual material submitted in connection with the special motion to strike" as well. (*Contreras v. Dowling* (2016) 5 Cal.App.5th 394, 408; see § 425.16, subd. (b)(2) [referring

7

to "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based"]; see, e.g., *Karnazes v. Ares* (2016) 244 Cal.App.4th 344, 353-354 [considering pleadings, a declaration, and emails attached thereto at first step of anti-SLAPP analysis].)

Here, the parties acknowledge that an attorney's conduct in preparation for or anticipation of possible litigation is protected activity unless illegal as a matter of law. But allegedly peering into the Rickley's bedroom and bathroom could not have served Tesoro in any way in the easement litigation, and would have been in fact expressly prohibited by the trial court's inspection order. It therefore could not have been conducted in preparation for or in anticipation of possible litigation, and thus constituted unprotected activity. Because Rickley's invasion of privacy causes of action arose from this unprotected conduct, Tesoro's special motion to strike those causes of action was properly denied.

Tesoro observes that section 425.16 specifically protects conduct undertaken "in connection with" an issue under consideration in judicial proceedings. (§ 425.16, subd. (e).) Tesoro argues that all of Stephan's alleged conduct occurred during the easement inspection, was thus undertaken "in connection with" the inspection, and was therefore protected. We disagree.

For allegedly wrongful conduct to be undertaken "in connection with" protected activity there must be some substantive relationship between the conduct and the activity. That the allegedly wrongful conduct occurred at the same time as the protected activity, or that it was tangential to or made

possible by that activity, does not suffice for purposes of the anti-SLAPP statute.

Here, Rickley alleged Stephan was "peering" into her bedroom; and she declared in opposition to Tesoro's anti-SLAPP motion that when Stephan "reached the first bedroom window, he stopped and attempted to photograph inside that bedroom and an accompanying bathroom with an opaque glass door, being used by Ms. Roit." This allegation and evidence depict more than a camera inadvertently wandering during an otherwise protected easement inspection; they describe an intentional departure from the inspection, and conduct substantively unrelated to it.

We conclude that Tesoro's acts alleged in Rickley's second and third causes of action and described in her declaration do not constitute protected activity, and thus fall outside the anti-SLAPP statute. Because Rickley's claims arise from that conduct, Tesoro's motion to strike her invasion of privacy causes of action was properly denied. We need not examine whether Rickley can establish a probability of prevailing on the merits.

### DISPOSITION

The order is affirmed. Respondents are to recover their costs on appeal.

NOT TO BE PUBLISHED


CHANEY, J.

We concur:


ROTHSCHILD, P. J.


BENDIX, J.

9