Filed 6/1/17

**CERTIFIED FOR PARTIAL PUBLICATION***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WAYNE HART et al., | B270513 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC521721) |
| v. | |
| BARBARA DARWISH et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County.  Richard L. Fruin, Jr., Judge.  Affirmed.

Mesisca Riley & Kreitenberg, Dennis P. Riley and Rena E. Kreitenberg for Plaintiffs and Appellants.

Lewis Brisbois Bisgaard & Smith, Roy G. Weatherup, Bartley L. Becker and Caroline E. Chan for Defendants and Respondents Barbara Darwish, David Darwish, Gingko Rose Ltd. and Logerm LLC.

---

* Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part III of the Discussion.

The Law Offices of Rosenthal & Associates, Lisa F. Rosenthal for Defendant and Respondent Lisa F. Rosenthal.

\* \* \* \* \* \*

Where a plaintiff brings a lawsuit against a defendant, and the trial court denies a motion by the defendant for summary judgment or for nonsuit made after the plaintiff's case-in-chief, or the trier of fact returns a verdict for the plaintiff, that ruling or verdict—if decided on the merits and not procured by fraud—establishes as a matter of law that the plaintiff had probable cause to bring its lawsuit and precludes a subsequent claim against the plaintiff for maliciously prosecuting that lawsuit, even if the trier of fact later rules for the defendant or the verdict is later overturned. (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 823-824 (*Wilson*).) Does this rule apply—and is a subsequent malicious prosecution claim barred—when the trial court in the prior lawsuit denied the defendant's motion for judgment under Code of Civil Procedure section 631.8[1] but went on to rule in the defendant's favor? We conclude that it does. Accordingly, we affirm the trial court's judgment dismissing this malicious prosecution action.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

In 2010, defendant Gingko Rose Ltd. (Gingko Rose) acquired a house occupied by six tenants, including plaintiffs Wayne Hart (Hart) and Carlos Rodriguez (Rodriguez). Defendants David and Barbara Darwish own part of Gingko Rose, and defendant Logerm LLC is Gingko Rose's general

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

partner. Defendants Lisa Rosenthal and her law firm, Rosenthal & Associates, represented Gingko Rose.

In May 2012, Gingko Rose filed six unlawful detainer lawsuits, one against each tenant, for not paying rent. The cases against Hart and Rodriguez proceeded to a bench trial first, with the remaining cases trailing behind. After Gingko Rose rested its case-in-chief, Hart and Rodriguez moved for a "directed verdict" on several grounds, including that (1) the house was not properly registered with the rent-control authorities, (2) Gingko Rose was trying to collect rent for periods when the house was not registered, (3) the notices preceding the lawsuits did not spell out the alleged breaches of the rental agreement, and (4) the dilapidated condition of the house vitiated any duty to pay rent. The unlawful detainer court pointed out that the proper procedural vehicle was a motion for judgment under section 631.8. It then denied that motion in two stages: It immediately denied the motion on the third ground and took the remainder of the motion under submission; after Hart and Rodriguez put on their case, the court denied the remainder. After receiving written closing arguments, the unlawful detainer court issued a statement of decision ruling for Hart and Rodriguez. Four months later, Gingko Rose dismissed the unlawful detainer lawsuits still pending against the other four tenants.

## II.    Procedural Background

All six tenants sued Gingko Rose, the Darwishes, Logerm LLC, Rosenthal and her law firm (collectively, defendants) for malicious prosecution of the unlawful detainer lawsuit. They sought compensatory damages, emotional distress damages, and punitive damages.

3

Defendants moved for judgment on the pleadings on the ground that the unlawful detainer court's denial of the motion for judgment in Hart and Rodriguez's trial mandated a finding that defendants had probable cause to bring the unlawful detainer lawsuit, thereby dictating dismissal of the malicious prosecution action.

The trial court granted the motion as to Hart and Rodriguez. The court found that the unlawful detainer court had "weighed the evidence and denied the [section 631.8] motion," which in its view dictated a finding that "the evidence for [defendants' unlawful detainer] claim must at least be tenable under the lenient . . . standard" for evaluating probable cause to bring and maintain a lawsuit. The court rejected the tenants' argument that the unlawful detainer court's ruling was a product of defendants' fraud, finding no "evidence to back up [that] argument." The court accordingly granted defendants judgment on the pleadings as to Hart and Rodriguez, the only two tenants before the unlawful detainer court when it denied the section 631.8 motion. The trial court later denied Hart and Rodriguez's motion for a new trial.

Hart and Rodriguez filed timely notices of appeal.

## DISCUSSION

Hart and Rodriguez challenge the trial court's dismissal of their malicious prosecution lawsuit through its grant of judgment on the pleadings and its subsequent denial of a new trial. We generally review the grant of judgment on the pleadings de novo (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777 (*Harris*)), and the denial of a new trial for an abuse of discretion (*Minnegren v. Nozar* (2016) 4 Cal.App.5th 500, 514, fn. 7 (*Minnegren*)).

4

Our review of these rulings requires us to resolve three specific questions:  (1) Did the trial court err in taking judicial notice of the minute orders and transcript in the unlawful detainer lawsuit to evaluate whether and on what basis the unlawful detainer court granted the motion for judgment?; (2) Does the rule equating certain actions in a prior lawsuit in favor of the prior plaintiff—namely, a summary judgment ruling, a nonsuit ruling following the presentation of evidence, or a verdict—with a finding that the prior plaintiff had probable cause to prosecute the prior lawsuit apply to the denial of a motion for judgment under section 631.8?; and (3) Is there any impediment to applying this rule to the denial of the section 631.8 motion in this case, either (a) because the denial was procured by fraud, or (b) because this court, in affirming the denial of defendants' anti-SLAPP[2] motion, already found that defendants lacked probable cause to prosecute the unlawful detainer lawsuit and that finding is "law of the case"?

We review the first question for an abuse of discretion (*CREED-21 v. City of San Diego* (2015) 234 Cal.App.4th 488, 520), and review the remaining two questions de novo to the extent they turn on legal questions (*City of San Diego v. Board of Trustees of California State University* (2015) 61 Cal.4th 945, 956) and for substantial evidence to the extent they turn on the

---

2      The so-called anti-SLAPP statute (short for strategic lawsuit against public participation) creates a procedural mechanism for quickly disposing of meritless claims based on a person's "valid exercise of constitutional rights."  (*PrediWave Corp. v. Simpson Thacher & Bartlett LLP* (2009) 179 Cal.App.4th 1204, 1217; see generally § 425.16.)

trial court's factual findings (*Minnegren*, *supra*, 4 Cal.App.5th at p. 514, fn. 7).

## I.   Judicial Notice

A motion for judgment on the pleadings is equivalent to a demurrer.  (*Harris*, *supra*, 59 Cal.4th at p. 777.)  As with a demurrer, a court ruling on such a motion is tasked with evaluating whether the "complaint . . . state[s] facts sufficient to constitute a cause of action" (§ 438, subd. (c)(1)(B)(ii)), and in that task, may only look to "the face of the complaint" and "facts capable of judicial notice" and must accept as true all of the complaint's factual allegations (§ 438, subd. (d)).

As a general matter, courts may take judicial notice of the "[r]ecords of . . . any court of this state" (Evid. Code, § 452, subd. (d)), although their ability to do so may be limited by the hearsay rule.  (*North Beverly Park Homeowners Assn. v. Bisno* (2007) 147 Cal.App.4th 762, 778 ["The hearsay rule applies to statements contained in judicially noticed documents"].)  The hearsay rule generally precludes courts from considering out-of-court statements for their truth (*ibid.*; see generally Evid. Code, § 1200), but does not apply if the statements are not considered for their truth (e.g., *People v. Seumanu* (2015) 61 Cal.4th 1293, 1315) or if any of the many exceptions to the hearsay rule applies (Evid. Code, §§ 1220-1390).

The trial court did not abuse its discretion in taking judicial notice of the unlawful detainer court's denial of Hart and Rodriguez's section 631.8 motion and the basis for that denial. Those facts were contained in the unlawful detainer court's minute orders and in its statements from the bench as reflected in the reporter's transcript; the minute orders and transcripts are "records" of a "court of this state." (Evid. Code, § 452, subd. (d);

6

*Kumaraperu v. Feldsted* (2015) 237 Cal.App.4th 60, 65 [minute orders]; *People v. Lawley* (2002) 27 Cal.4th 102, 116, fn. 2 [transcripts].) More to the point, the hearsay rule does not bar judicial notice of a state court's ruling or its stated basis for that ruling. (*Kumaraperu*, at p. 65 [taking judicial notice of court's ruling]; *In re Vicks* (2013) 56 Cal.4th 274, 314 (*Vicks*) [taking judicial notice of "'the truth of results reached'" in court documents]; *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1564-1565 (*Sosinsky*) [taking judicial notice of the fact that court made "particular findings"].) That is because a court's ruling and the basis for that ruling constitute official records excepted from the hearsay rule (Evid. Code, § 1280; *People v. Woodell* (1998) 17 Cal.4th 448, 459) and because they are being considered, as our Supreme Court has noted, "for the nonhearsay purpose of determining the basis" for the prior court's action (*Woodell*, at p. 459).

Hart and Rodriguez raise two challenges to this analysis. First, they urge that judicial notice is inappropriate because the unlawful detainer court's ruling on the section 631.8 motion is set forth in a court document with the caption "Trial Minutes" rather than the caption "Minute Order." However, the document correctly reports what happened, as verified by the transcripts. Because the document is "a trustworthy chronicle of events" that "accurately and officially reflects the work of the court," it is a "record" of "a court of this state" and is properly subject to judicial notice. (*Smith v. Smith* (1952) 115 Cal.App.2d 92, 100; *Copley Press, Inc. v. Superior Court* (1992) 6 Cal.App.4th 106, 113.) In these circumstances, the document's title is irrelevant.

Second, Hart and Rodriguez point out that the hearsay rule generally precludes a court from taking judicial notice of the

truth of statements contained in a court file, including the truth of a prior court's factual findings. (*Vicks, supra*, 56 Cal.4th at p. 314; *Sosinsky, supra*, 6 Cal.App.4th at pp. 1564-1565; *People v. Rubio* (1977) 71 Cal.App.3d 757, 766, overruled on other grounds in *People v. Freeman* (1978) 22 Cal.3d 434, 438). This is true, but irrelevant here. The trial court only took judicial notice of the unlawful detainer court's section 631.8 ruling and the basis for that ruling; it did not take judicial notice of the truth of any factual findings underlying that ruling. Under the precedent detailed above, this was appropriate.

## II. Interim Adverse Judgment Rule

To state a claim for malicious prosecution, a person must demonstrate that its adversary initiated a prior action (1) that was terminated in the person's favor, (2) that the adversary brought the prior action "without probable cause," and (3) that the adversary did so with "malice." (*Siebel v. Mittlesteadt* (2007) 41 Cal.4th 735, 740; *Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 875 (*Sheldon Appel*) [each element is a separate requirement].) The tort of malicious prosecution rests on the recognition that "'the unscrupulous use of the courts by individuals "... as instruments with which to maliciously injure their fellow men"'" inflicts harm not only upon the "'judicial process,'" but also upon the parties maliciously dragged into that process. (*Siebel*, at p. 740, quoting *Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50-51.) These harms are not inflicted, and a malicious prosecution claim will not lie, if the prior lawsuit was "legally tenable"—that is, if the plaintiff in the prior case (who becomes the defendant sued for malicious prosecution) had "probable cause" to bring the prior lawsuit. (*Sheldon Appel*, at p. 878.) Whether an action is legally tenable is adjudged

8

objectively by asking whether "'any reasonable attorney would agree that the [action] is totally and completely without merit.'" (*Id.* at p. 885; *Wilson, supra*, 28 Cal.4th at p. 817.)

In assessing whether a prior lawsuit was legally tenable, even when it was ultimately terminated in favor of the person who is later suing for malicious prosecution, courts have looked to what happened in the proceeding prior to its termination. Courts have developed a rule deeming certain events in the earlier proceeding to be indicators that the prior lawsuit was legally tenable.

Among these events are (1) a ruling denying the prior defendant's summary judgment motion (*Wilson, supra*, 28 Cal.4th at p. 824; *Clark v. Optical Coating Laboratory, Inc.* (2008) 165 Cal.App.4th 150, 184; *Roberts v. Sentry Life Insurance* (1999) 76 Cal.App.4th 375, 383 (*Roberts*)); (2) a ruling denying the prior defendant's motion for nonsuit, if based on an evaluation of the evidence (*Wilson*, at p. 824; *Clark*, at pp. 183-184); and (3) the prior plaintiff's "victory at trial," even if it is overturned in postverdict motions or on appeal (*Bergman v. Drum* (2005) 129 Cal.App.4th 11, 21; *Cowles v. Carter* (1981) 115 Cal.App.3d 350, 355).[3] Because judges and juries are presumed

---

[3] At one time, courts also treated a ruling denying an anti-SLAPP motion in the prior lawsuit as proof of the existence of probable cause to prosecute, at least where the denial rested on the trial court's finding that the prior plaintiff was likely to prevail on its claims in the prior lawsuit. (*Wilson, supra*, 28 Cal.4th at pp. 821-822.) Our Legislature abrogated this rule when it subsequently amended the anti-SLAPP statute to preclude any use of a trial court's anti-SLAPP ruling "at any later stage of the case[] or in any subsequent action." (§ 425.16, subd.

to perform their official duties (*In re Julian R.* (2009) 47 Cal.4th 487, 498-499; *People v. Carter* (2005) 36 Cal.4th 1114, 1176-1177; Evid. Code, § 664), these events constitute proof that the prior lawsuit was not "totally and completely without merit" because, respectively, a trier of fact found the complaint's allegations to be true by a preponderance of the evidence (Evid. Code, § 115), a judge found there to be "triable issue[s] . . . [of] material fact" for a jury to resolve (§ 437c, subd. (c); *B.H. v. County of San Bernardino* (2015) 62 Cal.4th 168, 178), or a judge found there to be "'evidence of sufficient substantiality to support a verdict'" in the plaintiff's favor (§ 581c; *CC-California Plaza Associates. v. Paller & Goldstein* (1996) 51 Cal.App.4th 1042, 1051, quoting *Estate of Lances* (1932) 216 Cal. 397, 400-401; *Bergman*, at pp. 21-22; see also *Yee v. Cheung* (2013) 220 Cal.App.4th 184, 200-201.)

This proof is conclusive as long as the prior verdict or ruling was "on the merits" (rather than on "procedural or technical grounds") and was not induced "by the knowing use of false and perjured testimony." (*Wilson, supra*, 28 Cal.4th at p. 824; *Plumley v. Mockett* (2008) 164 Cal.App.4th 1031, 1052-1053 (*Plumley*).) Because application of this rule gives near-conclusive effect to a verdict or ruling in the prior plaintiff's favor before the prior lawsuit ultimately terminated in the prior defendant's favor, it is often referred to as the "interim adverse judgment" rule. (E.g., *Plumley*, at p. 1053.)

Does the interim adverse judgment rule apply—and thus, in the absence of fraud, conclusively establish that a prior lawsuit was legally tenable—when a prior court denies, on the merits, the

---

(b)(3); see *Hutton v. Hafif* (2007) 150 Cal.App.4th 527, 547-548 [observing that amendment superseded the earlier precedent].)

prior defendant's motion for judgment under section 631.8? We conclude that it does. A motion for judgment is to be granted if the court concludes, after "weighing the evidence at the close of the plaintiff's case," that "the plaintiff has failed to sustain the burden of proof." (*Ford v. Miller Meat Co.* (1994) 28 Cal.App.4th 1196, 1200; *People ex rel. Dept. of Motor Vehicles v. Cars 4 Causes* (2006) 139 Cal.App.4th 1006, 1012.) Such a conclusion ""dispense[s] with the need for the defendant to produce evidence. [Citations.]"" (*Roth v. Parker* (1997) 57 Cal.App.4th 542, 549.) By negative implication, the denial of a motion for judgment necessarily embodies a finding that the plaintiff *has* sustained its burden of proof, at least enough to continue with the trial and to permit the defendant to present contrary evidence. If a prior judicial finding that a plaintiff has presented triable issues of material fact or evidence of sufficient substantiality to support a verdict is enough to constitute proof that the plaintiff's lawsuit is legally tenable, so too is a prior judicial finding that the plaintiff has presented sufficient evidence to sustain its burden of proof at the close of its case-in-chief.

Hart and Rodriguez do not contest the applicability of the interim adverse judgment rule to the denial of section 631.8 motions generally, but argue that it is inapplicable in this case because the unlawful detainer court never denied their section 631.8 motion on its merits. They raise two arguments.

First, they assert that the unlawful detainer court never said its ruling was based on any weighing of the evidence. This argument lacks merit because the record shows that the court expressly noted its power to "weigh the evidence" in considering the motion, and because we presume that courts carry out their

11

official duties by applying the appropriate legal standards in the absence of evidence to the contrary (Evid. Code, § 664), and no such contrary evidence exists here.

Second, Hart and Rodriguez suggest that the unlawful detainer court never denied their section 631.8 motion; instead, they argue, the court *effectively* granted their motion when it took part of it under submission until the close of all evidence and then issued a statement of decision in their favor. We reject this argument. The argument requires us to ignore what the unlawful detainer court said it was doing—that is, denying part of the motion prior to Hart and Rodriguez's presentation of evidence and denying the remainder at the close of all evidence. It also requires us to ignore the law, which provides that a court's ruling on a motion for judgment encompasses only the evidence presented *at the time the motion is made*, even if the court takes the matter under submission and issues its ruling after the defense has presented additional evidence. (*People v. Mobil Oil Corp.* (1983) 143 Cal.App.3d 261, 274-275.) Thus, there is nothing inconsistent about the unlawful detainer court denying Hart and Rodriguez's motion for judgment and then subsequently ruling in their favor; the two rulings are based on different records. (Accord, *Smith v. Long Beach* (1957) 150 Cal.App.2d 720, 724 [noting that trial court may issue rulings coming to different conclusions at different stages of a case].)

## III. Impediments To Applying Interim Adverse Judgment Rule

Hart and Rodriguez argue that the trial court erred in applying the interim adverse judgment rule to the unlawful detainer court's denial of their section 631.8 motion for two further reasons: (1) defendants procured that denial by fraud, and (2) the prior appeal to this court effectively established that

defendants lacked probable cause for the unlawful detainer lawsuit and now constitutes "law of the case."

### A. *Fraud*

A ruling that qualifies as an interim adverse judgment in favor of a prior plaintiff will not be treated as evidence of the legal tenability of its prior lawsuit if that ruling would have been different "but for" the prior plaintiff's "knowing use of false and perjured testimony." (*Roberts*, *supra*, 76 Cal.App.4th at p. 384; *Plumley*, *supra*, 164 Cal.App.4th at p. 1053; *Antounian v. Louis Vuitton Malletier* (2010) 189 Cal.App.4th 438, 452-453.)

Hart and Rodriguez contend that the Darwishes' testimony that the house was properly registered with the rent-control authorities was false and perjured testimony. Even if we assume Hart and Rodriguez are correct, the Darwishes' testimony on this point was not the "but for" cause of the unlawful detainer court's denial of the section 631.8 motion. In entertaining argument on the motion, that court expressly observed that the house's registration status was invalid, but went on to deny the motion anyway. The court's ruling on the motion was accordingly not based on being fooled by the Darwishes' testimony; thus, that testimony was not the "but for" cause of the ruling.

### B. *Law of the case*

The law of the case doctrine provides that once an appellate court "'states in its opinion a principle or rule of law necessary to [its] decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal,'" even if the "'court may be clearly of the opinion that the former decision'" is wrong. (*Kowis v. Howard* (1992) 3 Cal.4th 888, 892-893.) Hart and Rodriguez argue that this doctrine bars the trial court in this

13

case from finding that defendants had probable cause to prosecute their unlawful detainer lawsuit.

Before defendants moved for judgment on the pleadings, they filed a special motion to strike under the anti-SLAPP law. The trial court denied the anti-SLAPP motion. Defendants appealed, and this court affirmed that denial. Although the trial court's decision and our decision rested in part upon a finding that defendants did not have probable cause to prosecute the unlawful detainer lawsuit, it was not until defendants petitioned this court for rehearing that they first presented evidence or argument regarding the unlawful detainer court's denial of Hart and Rodriguez's section 631.8 motion. We denied rehearing without modifying our opinion.

On these facts, the law of the case doctrine is inapplicable. To the extent we view the relevant "principle or rule" more narrowly as the effect of the denial of the section 631.8 motion on whether defendants had probable cause to prosecute their unlawful detainer lawsuit, that issue was never decided by us— and hence the law of the case doctrine is never invoked—because the issue was not raised until the petition for rehearing and the "denial of rehearing decides nothing on points raised for the first time in the rehearing petition." (*City of Oakland v. Oakland Raiders* (1985) 174 Cal.App.3d 414, 418.) To the extent we view the relevant "principle or rule" more broadly as whether defendants had probable cause to prosecute the unlawful detainer lawsuit, we *did* opine on that issue but "the law of the case doctrine does not apply" "[w]hen a record is changed in any substantial respect." (*Nollan v. California Coastal Com.* (1986) 177 Cal.App.3d 719, 724-725, revd. on other grounds (1987) 483 U.S. 825; *People v. Cooper* (2007) 149 Cal.App.4th 500, 526-

527; *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 356.) The evidence regarding the unlawful detainer court's denial of Hart and Rodriguez's section 631.8 motion substantially changed the record before us. No matter which way we define the relevant "principle or rule," the law of the case doctrine is not a bar to the trial court's reliance on the unlawful detainer court's resolution of the section 631.8 motion.

## DISPOSITION

The judgment is affirmed. The order denying Hart and Rodriguez's motion for new trial is affirmed. Respondents are entitled to their costs on appeal.

### CERTIFIED FOR PARTIAL PUBLICATION.

_____, J.
HOFFSTADT

We concur:

_____, Acting P. J.
CHAVEZ

_____, J.*
GOODMAN

---

\* Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15