Filed 6/26/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| JOSE CERON et al.,<br><br>    Plaintiffs and Respondents,<br>v.<br>SALLY LIU,<br><br>    Defendant and Appellant. | A162646<br><br>(San Francisco City & County<br>Super. Ct. No. CGC15549095) |

Plaintiffs Jose Ceron, Monica Medina, Brian Rangel, and Judy Judkins (plaintiffs) are former tenants of defendant Sally Liu. Plaintiffs and Liu have been adversaries in a series of lawsuits related to plaintiffs' tenancies, culminating in a successful malicious prosecution action by plaintiffs against Liu based on unlawful detainer actions brought against them by Liu.

Liu challenges the judgment in favor of plaintiffs on their claim for malicious prosecution on various grounds, including that she had probable cause to file the unlawful detainer actions based on the advice of counsel. We find Liu asserted a valid advice of counsel defense, vacate the judgment, and remand the matter.[1]

---

[1] On December 2, 2021, Liu filed an unopposed request for judicial notice of the dockets in three prior lawsuits between the parties. We grant the request. (Evid. Code, § 452, subd. (d) [court may take judicial notice of "[r]ecords of . . . any court of this state"].)

BACKGROUND

Liu owned various rental units in San Francisco and Emeryville. Plaintiffs were tenants in two of her San Francisco units.

In 2014, plaintiffs filed a complaint for damages against Liu, alleging causes of action for intentional and negligent breaches of the implied warranty of habitability, intentional and negligent violations of various Civil Code and Health and Safety Code provisions, intentional violation of Business and Professions Code section 17200, negligence, nuisance, breach of contract, intentional infliction of emotional distress, and breach of the San Francisco Residential Rent Stabilization and Arbitration Ordinance (rent ordinance).

In 2015, Liu filed two unlawful detainer actions against plaintiffs premised upon nonpayment of rent. After discussions with the court, plaintiffs filed an unopposed motion to consolidate Liu's pending unlawful detainer actions with plaintiffs' case. Liu then dismissed her two unlawful detainer actions without prejudice. In September 2015, a jury found Liu liable as to certain claims and awarded damages.

In November 2015, plaintiffs filed a new complaint against Liu, alleging causes of action for breach of the rent ordinance, violation of Business and Professions Code section 17200, negligence, intentional infliction of emotional distress, and malicious prosecution. The parties waived their right to a jury trial, and the court subsequently limited plaintiffs' complaint to the malicious prosecution claim arising from the two unlawful detainer lawsuits.

Following a bench trial and supplemental briefing, the court issued its statement of decision. The court found plaintiffs proved all elements of a malicious prosecution claim. Of note, the court explained, "[N]o reasonable

person in [Liu's] circumstances . . . would have believed that there were reasonable grounds to bring and maintain the two UD actions. Prior to filing the two UD actions, [Liu] knew – or at the very least made no effort to determine if – all four plaintiffs had sent checks for the full amount of the rent to her by certified mail every month that the two UD actions claimed that plaintiffs had not paid rent." The court emphasized that "[c]ase law, the San Francisco Rent Ordinance and common sense all establish that the filing and maintenance of the two UD actions were wholly lacking in objective probable cause." The court concluded the plaintiffs "experienced inconvenience, anxiety and emotional distress as a result of the UD actions."

The court also expressly rejected all of Liu's affirmative defenses. As relevant to this appeal, the court concluded Liu failed to demonstrate she relied on legal advice in "good faith." The court entered judgment, and Liu appealed.[2]

## DISCUSSION

Liu raises various arguments challenging the malicious prosecution judgment. Because we conclude Liu asserted a valid advice of counsel defense, we do not reach her remaining arguments.

Plaintiffs' claim for malicious prosecution requires proving Liu initiated or continued the unlawful detainer actions against plaintiffs with malice and without probable cause; the prior action ended in plaintiffs' favor; and

---

[2] After Liu filed her opening brief, on March 17, 2022, plaintiffs filed a "Notice of Automatic Stay of Appeal Pending Appellant's 11 USC § 1, et seq. Bankruptcy Determination" (block capitalization omitted). This court stayed the appeal and directed Liu to file regular status reports until the bankruptcy proceeding was concluded or the stay lifted. On April 4, 2025, Liu filed a report notifying the court that her bankruptcy case had been dismissed, and this court subsequently lifted its stay on April 7, 2025. Plaintiffs were then given an opportunity to file a brief but did not do so.

3

plaintiffs suffered damages as a result. (*Hart v. Darwish* (2017) 12 Cal.App.5th 218, 225 (*Hart*).)

There can be no viable claim for malicious prosecution "if the prior lawsuit was 'legally tenable'—that is, if the plaintiff in the prior case (who becomes the defendant sued for malicious prosecution) had 'probable cause' to bring the prior lawsuit." (*Hart, supra,* 12 Cal.App.5th at p. 226.) Probable cause is objectively assessed "by asking whether ' "any reasonable attorney would agree that the [action] is totally and completely without merit." ' " (*Ibid.*) However, as relevant in this case, a defendant may establish probable cause by proving " ' " 'they have in good faith consulted a lawyer, have stated all the facts to him, have been advised by the lawyer that they have a good cause of action and have honestly acted upon the advice of the lawyer.' " ' " (*Connelly v. Bornstein* (2019) 33 Cal.App.5th 783, 797, disapproved on other grounds by *Escamilla v. Vannucci* (2025) 17 Cal.5th 571; *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1556 [same].)

Simply put, a truthful disclosure of all relevant facts to counsel coupled with good-faith reliance on the advice of counsel is a complete bar to a malicious prosecution claim. (*Bisno v. Douglas Emmett Realty Fund 1988* (2009) 174 Cal.App.4th 1534, 1544.)

## I. Relevant Trial Testimony

At the malicious prosecution trial, both Liu and attorney Paul McCarthy testified that Liu retained McCarthy to provide legal advice and assistance in drafting legal documents in connection with the unlawful detainer actions. During that testimony, McCarthy was asked "what information did you have from Ms. Liu that was pertinent to your advice?" McCarthy stated Liu informed him of the following facts: (1) the tenants had sent rent checks to Liu's home address via restricted delivery, signature

4

required; (2) at the time the checks were to be delivered, Liu was at work and unable to sign for the checks; (3) Liu received notices of attempted delivery from the post office, and understood she had to go to the postal substation to pick up the mail; (4) Liu was unable to pick up the checks from the postal substation because, based on the substation's hours, doing so would require her to take time off from work; (5) Liu believed the post office eventually sent the checks back to her tenants as undelivered; and (6) as a result, the tenants had not paid rent for approximately a year. McCarthy also was aware that Liu previously had been receiving checks from her tenants by regular mail. McCarthy stated he believed Liu's statements regarding the checks because he was aware sending checks by restricted delivery "was a common ploy . . . tenants used to annoy a landlord that they didn't like."

McCarthy also testified he was aware of Liu and plaintiffs' history of disputes, including (1) plaintiffs wanted Liu to make improvements and were unhappy with her response, (2) the building was old and had leaks that needed repairs, (3) the parties had prior litigation that was resolved by a settlement, and (4) there was a pending lawsuit against Liu filed by plaintiffs. McCarthy stated he had seen the parties' settlement agreement and reviewed documents related to the pending lawsuit prior to preparing the unlawful detainer actions.

Based on this information, McCarthy testified he "advised [Liu] that the rent had not been properly tendered" and assisted Liu in drafting three-day notices and completing the unlawful detainer forms. Specifically, McCarthy testified he "told [Liu] that she had met the legal prerequisites for filing an unlawful detainer action," but recommended she simply sue for back rent in civil court without the hassle of an unlawful detainer action. However, Liu informed him she preferred to file unlawful detainer actions

5

because the plaintiffs "had not paid rent in the past, and . . . she wanted to get new tenants."

When the court asked whether McCarthy instructed Liu to engage in a "good faith effort" to resolve the dispute before filing the unlawful detainer actions, McCarthy repeated this testimony: "I probably told her that even though she had the right to proceed by unlawful detainer, that she should make some sort of effort to first collect them voluntarily . . . ." McCarthy then explained he believed Liu had made a good-faith effort to avoid the unlawful detainer actions because "[s]he sent letters to [plaintiffs] saying how much the rent was due and setting up appointments where she would come to the apartments and collect the back rent, and I think she went to the apartments more than once in an attempt to collect the back rent." Liu likewise testified she went to plaintiffs' apartments and unsuccessfully attempted to obtain past rent payments.

McCarthy was then asked by Liu's counsel, "[D]id you tell [Liu] that she had a right to file an unlawful detainer suit?" McCarthy responded, "Yes. I told her it appeared the rent had not been paid, that the checks had not been properly tendered. I suggested that she make an effort to collect the rent without resorting to unlawful detainer. When she did not [collect the back rent], then I told her that she had met the legal requirements for unlawful detainer."

McCarthy testified he did not believe the three-day notices or the unlawful detainer actions were filed for any improper purpose because "[r]ent had not been paid for a year." He did not believe there was any independent reason Liu wished to evict plaintiffs apart from nonpayment of rent. While McCarthy acknowledged the parties had "a lot of acrimony," he believed it

6

"all related to them being tenants.  There was no extraneous reasons why there would be acrimony."

Finally, McCarthy testified he did not believe it strange that Liu retained him to assist her in this matter, despite his specialty being unrelated to landlord-tenant disputes.  He stated, "[S]he just came to me, . . . we talked, and I offered to draft documents for her."

## II.  Analysis

The record indicates Liu provided McCarthy with the relevant facts, and McCarthy advised Liu she had a legal basis for filing the unlawful detainer actions.  McCarthy identified numerous facts relevant to the unlawful detainer actions that formed the basis of his opinion.  While the trial court took issue with *why* Liu acted how she did—e.g., her reasons for not going to the post office "did not withstand . . . scrutiny"; her efforts to collect allegedly past-due rent after service of the three-day notices were "churlish"; her actions after service of the three-day notices showed she was "determined to find a way to proceed with . . . her planned eviction lawsuits"—it did not identify any omitted or erroneous information provided by Liu to McCarthy.  And throughout questioning by both parties' attorneys and the court, McCarthy only stated he was unaware of the following information: (1) Liu's acknowledgement, as part of the parties' prior settlement agreement, that she did not deposit certain rent checks delivered to her in that case; and (2) the name or location of the postal substation.

The record also reflects that Liu accurately understood McCarthy's advice—i.e., she had the legal right to file the unlawful detainer actions—and Liu testified that she filed the actions based on McCarthy's advice.  Liu also testified she would not have filed the unlawful detainer actions if McCarthy

7

had advised her otherwise. The trial court's statement of decision does not cite any evidence to the contrary.[3]

However, the trial court rejected Liu's advice of counsel defense because it concluded she "failed to prove that her reliance on Mr. McCarthy's advice was in good faith." This comment was the only stated basis for rejecting the advice of counsel defense. While the trial court appeared skeptical of Liu's credibility (particularly in connection with finding a lack of probable cause for filing the unlawful detainer actions), it did not reject the advice of counsel defense on the basis that Liu failed to act honestly on McCarthy's advice.[4]

Specifically, the court found Liu could not have relied on McCarthy's advice in good faith unless she proved McCarthy was "competent" or she had " 'reason to know' or believe" McCarthy was competent. Although the trial court acknowledged it was unaware of any California authority imposing such a requirement, it proceeded to do so based on *State Farm Mutual Automobile Insurance Co. v. Superior Court* (1991) 228 Cal.App.3d 721 (*State Farm*)—an insurer bad faith case—and non-California state cases. The trial court's reliance on these authorities was in error.

---

[3] We also note plaintiffs failed to file a respondents' brief, and thus have not identified any errors in Liu's arguments.

[4] Even assuming the court discounted Liu as not credible, McCarthy also testified he informed Liu she had the right to file, and believed she filed, the lawsuits solely due to the alleged nonpayment of rent. The trial court's finding in connection with the fourth element of a malicious prosecution action (acting for a primary purpose other than succeeding on the merits)—i.e., that Liu "filed and maintained the two [unlawful detainer] actions to avenge her anger against her tenants"—does not negate Liu's testimony that she believed she was entitled to file such actions. We are unaware of any testimony in the record that would support a different conclusion.

8

In *State Farm*, the court addressed whether a defendant must plead advice of counsel as an affirmative defense. In doing so, the court stated in passing that an insurer "may defend itself against allegations of bad faith and malice in claims handling with evidence the insurer relied on the advice of competent counsel." (*State Farm, supra*, 228 Cal.App.3d at p. 725.) But the court did not define the meaning of competent counsel, and neither *State Farm* nor the cases cited therein require a client to assess their attorney's competence. (See, e.g., *State Farm*, at p. 726 [only requiring that "counsel's advice must be sought in good faith and ' "not as a mere cloak to protect one against a suit for malicious prosecution" ' "].)[5]

The trial court then proceeded to identify two bases for concluding McCarthy was "incompetent" such that Liu's reliance on his advice was not in good faith: (1) McCarthy's lack of experience with unlawful detainer actions; and (2) McCarthy's failure to perform sufficient legal research before advising Liu. The court clearly erred as any deficiencies in McCarthy's abilities or counsel cannot be attributed to Liu for purposes of defeating an advice of counsel defense.

The court focused on McCarthy's lack of experience with unlawful detainer actions as a basis for finding that Liu did not rely on "competent"

---

[5] Similarly, the two non-California authorities cited by the trial court, *McLaughlin v. Cox* (1996) 324 Ark. 361 [922 S.W.2d 327] and *G.S. Enterprises, Inc. v. Falmouth Marine, Inc.* (1991) 410 Mass. 262 [571 N.E.2d 1363], reference "competent" counsel in discussing the elements of an advice of counsel defense but do not provide any discussion of its meaning. The advice of counsel defenses in both cases were resolved on other elements. (See *McLaughlin*, at p. 370 [defendant omitted "important facts when he discussed the case with the deputy prosecutor"]; *G.E. Enterprises*, at p. 275 [evidentiary question regarding whether defendant sued out of spite rather than to assert legitimate rights, and defendant failed to fully disclose relevant facts].)

9

counsel.  But McCarthy is an attorney in good standing with the State Bar of California, and the court failed to explain why that is insufficient. "Competent" counsel has been interpreted to simply mean an independent attorney " 'engaged in the general practice of law,' " and there is nothing in this case that merits going outside of this definition.  (*Merritt v. Reserve Ins. Co.* (1973) 34 Cal.App.3d 858, 881.)  Further, McCarthy testified he saw nothing unusual about Liu retaining him for an unlawful detainer matter, and there is no indication in the record that McCarthy ever indicated to Liu that he could not competently advise her.

The trial court also suggested Liu could not rely on McCarthy's counsel in good faith because McCarthy performed insufficient legal research before advising Liu.  We are unaware of any California authority requiring clients to assess the depth or quality of their attorney's research, doubtless because the duty of competence is one imposed on lawyers, and clients may rely on their attorneys to comply with this duty and inform them if they are unable to competently perform any legal tasks.  (See *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1414.)  It is the lawyer's obligation—not the client's— " ' "to undertake reasonable research in an effort to ascertain relevant legal principles and to make an informed decision as to a course of conduct based upon an intelligent assessment of the problem." ' " (*Janik v. Rudy, Exelrod & Zieff* (2004) 119 Cal.App.4th 930, 937.)  A court cannot shift this burden to the client—and it may not impute to a client his or her attorney's inadequate legal analysis so as to void good-faith reliance on counsel's advice.  (*Brinkley v. Appleby* (1969) 276 Cal.App.2d 244, 247.)

Rather than shifting an attorney's burden onto his client, we employ a commonsense interpretation of "good-faith" reliance on the advice of counsel. Black's Law Dictionary defines "good-faith reliance" as "[h]onest reliance that

is free of pretext or disingenuousness." (Black's Law Dict. (12th ed. 2024) p. 1547, col. 1; see *People v. Nunn* (1956) 46 Cal.2d 460, 468 ["The phrase 'good faith' in common usage has a well-defined and generally understood meaning, being ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and, generally speaking, means being faithful to one's duty or obligation."].) Here, nothing in the record indicates Liu was aware McCarthy's advice was erroneous, or that she sought such advice for any purpose apart from determining whether she was legally entitled to file an unlawful detainer action. Nor does the record reflect any malfeasance behind Liu's decision to retain McCarthy. To the contrary, McCarthy testified he believed the only motivation behind Liu's decision to file the unlawful detainer actions was the nonpayment of rent. The record thus indicates Liu relied on McCarthy's advice in good faith, and the malicious prosecution claim against her should have been dismissed based on her advice of counsel defense.

## DISPOSITION

The judgment is vacated and the matter remanded to the trial court. On remand, the trial court is instructed to enter a judgment of dismissal in favor of Liu. Because respondents did not appear in this appeal, we decline to award costs. (Cal. Rules of Court, rule 8.278(a)(5); *In re Marriage of D.S. and A.S.* (2023) 87 Cal.App.5th 926, 938.)

11

PETROU, J.

WE CONCUR:

TUCHER, P. J.

RODRIGUEZ, J.

A162646
*Ceron v. Liu*

12

Trial Court: The City and County of San Francisco Superior Court

Trial Judge: Hon. Harold E. Kahn

Counsel:

Glen Broemer [*retired*]; and Sally Liu, in pro. per., for defendant and appellant.

No appearance for plaintiffs and respondents.